# BELLIN & ASSOCIATES LLC
### Attorneys-at-Law
### 85 Miles Avenue
### White Plains, New York 10606
### Tel (914) 358-5345
### Fax (212) 571-0284

May 10, 2019

**BY ECF**
Hon. Peggy Kuo, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Cunningham v. Big Think Capital Inc.*, 2:19 cv 638 (ILG) (PK)

Your Honor:

    This firm represents the plaintiff, Craig Cunningham ("Plaintiff") and the proposed Class (collectively "Plaintiff").  I am writing this this letter motion in response to Your Honor's May 6, 2019 order for a status update and to request that Your Honor issue an order pursuant to Rule 26 and/or Rule 45 permitting discovery from Defendant Big Think Capital Inc. ("Defendant") and permitting discovery pursuant to Rule 45 from any non-parties who may have vital information concerning this class action.  As will be discussed below, this order is necessary because Defendant has neither appeared nor filed any response to the Complaint in this action.

    Plaintiff initiated this proceeding by filing a Complaint on February 1, 2019, Doc. No. 1, which was served on Defendant on February 4, 2019. Doc. No. 4. The Complaint alleges that Defendant violated 47 U.S.C. § 227 and the regulations promulgated (hereinafter collectively the "TCPA") thereunder when it transmitted or caused to be transmitted an unsolicited advertising and telemarketing text to Plaintiff.  While Defendant has repeatedly assured Plaintiff that Defendant was retaining counsel in this case, Defendant has failed to appear or interpose any responsive pleadings to the Complaint, and no counsel for Defendant has ever contacted Plaintiff's counsel or has even been identified to Plaintiff's counsel.

    Plaintiff is now seeking leave to conduct discovery of Defendant related, *inter alia*, to class certification issues because a motion for class certification pursuant to Rule 23 will be necessary before Plaintiff can move for a default judgment on behalf of the proposed Class against Defendant.  *See, e,.g, DeNicola v. Asset Recovery Solutions, LLC,* No. 11 cv 1192, 2011 WL 2133811 *1-2 (E.D.N.Y. May 20, 2011) (discovery from Defendant in class action pursuant to Rule 45 prior to motion for default judgment appropriate); *Bais Yaakov of Spring Valley v. Special Event & Amusements Inc.*, 12 CV 3390, Doc. No. 8 (VLB) (S.D.N.Y) (discovery in class action prior to motion for default judgment appropriate) (attached hereto as EXHIBIT A); *Campbell v. Soma Financial*, No. 08 cv 0170, 2008 WL 5247960 *2 (E.D. Cal. 2008) (same); *Blazek v. Capital Recovery Associates, Inc.*, 222 F.R.D. 360, 361-62 (E.D. Wis. 2004) (discovery

1

in class action pursuant to Rule 45 prior to motion for default judgment appropriate).  In addition, Plaintiff is now seeking discovery to ascertain whether Defendant employed a non-party(ies) to transmit the telemarketing and advertising texts at issue to Plaintiff in order to determine whether such non-party(ies) should be joined as additional defendants in the proceeding.  *Id*.

Plaintiff believes that Defendant's current and/or former officers, executives, and employees are likely to have information concerning the number of advertising and telemarketing texts Defendant transmitted during the Class period, to whom such texts were sent, the content of such texts, as well as the identity of any non-party(ies) who may have transmitted the texts to Plaintiff on the Defendant's behalf.

Moreover, if during the course of this discovery Defendant identifies any non-party(ies) who may have been involved in the transmission of the unsolicited texts, Plaintiffs will need to conduct discovery, pursuant to Rule 45, on such non-party(ies).  Such discovery will be necessary not only for the purposes of class certification, but also to determine whether such non-party(ies) should be joined as defendants in the proceeding.

In conclusion, for the reasons outlined above, I respectfully request that Your Honor issue an Order pursuant to Rule 26 and/or Rule 45 permitting discovery from Defendant and permitting discovery pursuant to Rule 45 from non-parties who may have vital information concerning this class action.

                                      Respectfully,

                                      /s/ Aytan Y. Bellin
                                      Aytan Y. Bellin

# EXHIBIT A

RECEIVED DEC 21 2012 CHAMBERS OF VINCENT L. BRICCETTI UNITED STATES DISTRICT JUDGE DISTRICT OF NEW YORK

# BELLIN & ASSOCIATES LLC

## ATTORNEYS-AT-LAW
85 MILES AVENUE
WHITE PLAINS, NEW YORK 10606
TEL (914) 358-5345
FAX (212) 571-0284

AYTAN Y. BELLIN*
ANNE E. HARNEST†

*Also Admitted in NJ
†Also Admitted in CT

December 21, 2012

BY FAX (914) 390-4166
Hon. Vincent L. Bricetti, U.S.D.J.
United States Courthouse
300 Quarropas Street
Room 630
White Plains, New York 10601

Re: *Bais Yaakov of Spring Valley v. Special Events and Amusement Inc.*,
12 CV 3390 (VLB)

Your Honor:

This firm represents the Plaintiff Bais Yaakov of Spring Valley and the proposed classes (collectively "Plaintiff") in the above-referenced matter. I am writing this letter to respectfully request an informal Court conference pursuant to Local Civil Rule 37.2 prior to moving this Court for an Order pursuant to Rule 26 permitting discovery of the Defendant Special Events and Amusement Inc. d/b/a P.E.E.R.S., Cutting Edge Productions (hereinafter referred to as the "Defendant") and, if warranted, to permit discovery pursuant to Rule 45 of third parties who may have vital information concerning this action.

The Plaintiff initiated this proceeding by Complaint which was served on the Defendant on May 7, 2012. (Dkt. 1). Thereafter, the Defendant was served with a First Amended Complaint on May 24, 2012. (Dkt. 5). The First Amended Complaint alleges that Defendant violated 47 U.S.C. § 227 (hereinafter "the TCPA"), the regulations promulgated thereunder, and N.Y. General Business Law ("GBL") § 396-aa when it transmitted facsimile advertisements to Plaintiff and three distinct Classes. To date, the Defendant has failed to interpose any responsive pleadings to either the original Complaint or the First Amended Complaint.

The Plaintiff is now seeking leave to conduct discovery of the Defendant related, *inter alia*, to class certification issues since a motion for class certification pursuant to Rule 23 will be necessary before Plaintiff can move for a default judgment on behalf of the three Classes against the Defendant. *See Campbell v. Soma Financial*, 2008 WL5247960, *2 2 (E.D. Cal. 2008). In addition, Plaintiff is seeking to conduct discovery to ascertain whether the Defendant employed a third party(ies) to transmit the facsimile

---

Handwritten annotations:

This letter is deemed a letter motion. Although a copy of the letter was sent to Defendant's sometime attorney, no opposition has been received. For the reasons set forth herein, and following the analysis in *DeNicola v. Asset Recovery Solutions, LLC*, No. CV 11-1192 (LDW)(AKT), 2011 WL 2133811 (E.D.N.Y. May 20, 2011), the letter motion to compel pre-class certification discovery and Plaintiff's a motion is granted. Counsel shall send a copy of this memo endorsed order to Mr. Visser and report progress by May 15. SO ORDERED /s/ [signature] 1/2/13 USMJ

Submit 2013. [signature] is considered

advertisements to Plaintiff and the Classes in order to determine whether such third party(ies) should be joined as additional defendants in the proceeding. *Id.*

The Plaintiff believes that Defendant's current and/or former corporate officers, executives and employees are likely to have information concerning the number of unsolicited facsimiles Defendant transmitted during the three Class Periods, to whom such facsimiles were sent, the content of such facsimile advertisements, as well as the identity of any third party(ies) who may have transmitted the facsimile advertisements to Plaintiff and the Classes on the Defendant's behalf.

Moreover, if during the course of this discovery Defendant identifies any third party(ies) who may have been involved in the transmission of the unsolicited facsimile advertisements, Plaintiff will need to conduct discovery, pursuant to Rule 45, on such third party(ies). Such discovery will be necessary not only for the purposes of class certification, but also to determine whether the third party(ies) should be joined as defendants in the proceeding.

As noted above, Defendant has not appeared in this action. However, when this case began, I was contacted by an attorney named Donovan J. Visser of the Michigan law firm of Visser & Associates on behalf of the Defendant to discuss this matter. In an attempt to satisfy my obligations pursuant to Fed. R. Civ. Pro. 37.1, I called Mr. Visser yesterday and asked whether he intended to represent the Defendant in this matter. Mr. Visser told me that he had not yet been retained to do so but was going to confer with the Defendant as to whether the Defendant wanted Mr. Visser to appear. Mr. Visser represented to me that he is the attorney for the Defendant otherwise. I told Mr. Visser that my client wanted to make a motion for discovery. Mr. Visser did not consent or refuse to consent to my client making this motion. Because Mr. Visser had represented that he was the Defendant's counsel for all other purposes and that he was going to confer with his client as to whether Mr. Visser should represent him in this case, I did not attempt to contact the Defendant directly.

In conclusion, for the reasons outlined above, I respectfully seek an informal Court conference pursuant to Local Civil Rule 37.2 prior to moving for an Order permitting Plaintiff to seek discovery of the Defendant, and, if warranted, discovery of any third party(ies) which may have been involved in the transmission of the facsimile advertisements which are the subject of this class action.

Respectfully,

/s/ Aytan Y. Bellin
Aytan Y. Bellin

cc: Donovan J. Visser (by fax (616) 531-9870)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 10, 2019, I served the foregoing on by sending the foregoing by first-class mail and email to the following person at the following address and email address:

David Brown, Esq., President
Big Think Capital Inc.
225 Broadhollow Road
Melville, NY 11747
david@bigthinkcapital.com

                                            /s/Aytan Y. Bellin