UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CRAIG CUNNINGHAM** on behalf of himself and all others similarly situated,

      Plaintiff,

  -vs.-

**BIG THINK CAPITAL INC.,**

      Defendant.

Case No. 2:19-cv-00638-ILG-PK

# ANSWER OF DEFENDANT BIG THINK CAPITAL INC.

Pursuant to Fed. R. Civ. P. 12(a), Defendant Big Think Capital Inc. ("Big Think"), for its Answer to the Complaint ("Complaint," Doc. 1) of Plaintiff Craig Cunningham ("Cunningham"), states as follows:

1. The allegations of ¶ 1 do not contain facts to which a response is required. To the extent a response was intended to be elicited, Big Think denies them.

2. Big Think denies the allegations of ¶ 2.

3. Big Think is without information sufficient to form a belief as to the truth of the allegations of ¶ 3 and, therefore, denies them.

4. Big Think admits the allegations of ¶ 4 to the extent that it is a New York corporation and that it has an office in Melville, New York. Big Think denies the remaining allegations of ¶ 4.

5. Big Think admits the allegations of ¶ 5 to the extent that the Complaint purports to state a claim under the Telephone Consumer Protection Act ("TCPA"), a federal statute, and to the extent that Big Think does not contest venue in this Court. Big Think denies the remaining allegations of ¶ 5.

6. Big Think denies the allegations of ¶ 6.

7. Big Think denies the allegations of ¶ 7 as an incomplete, and thus inaccurate, recitation of the TCPA.

8. Big Think denies the allegations of ¶ 8 as an incomplete, and thus inaccurate, recitation of the TCPA.

9. Big Think denies the allegations of ¶ 9 as an incomplete, and thus inaccurate, recitation of the TCPA.

10. Big Think denies the allegations of ¶ 10 as an incomplete, and thus inaccurate, recitation of the TCPA.

11. Big Think denies the allegations of ¶ 11 as an incomplete, and thus inaccurate, recitation of the TCPA.

12. Big Think denies the allegations of ¶ 12 as an incomplete, and thus inaccurate, recitation of the TCPA.

13. Big Think denies the allegations of ¶ 13.

14. Big Think admits the allegations of ¶ 14 to the extent that Exhibit A to the Complaint speaks for itself. Big Think denies the allegations of ¶ 14 to the extent it alleges the use of an automatic telephone dialing system and to the extent it alleges the message identified in Exhibit A was "aimed a mass audience." Big Think denies the remaining allegations of ¶ 14.

15. Big Think denies the allegations of ¶ 15.

16. Big Think denies the allegations of ¶ 16.

17. Big Think denies the allegations of ¶ 17.

18. Big Think denies the allegations of ¶ 18.

19. Big Think denies the allegations of ¶ 19.

20. Big Think denies the allegations of ¶ 20.

21. Big Think denies the allegations of ¶ 21.

22. Big Think denies the allegations of ¶ 22.

23. Big Think denies the allegations of ¶ 23.

24. Big Think denies the allegations of ¶ 24.

25. Big Think denies the allegations of ¶ 25.

26. Big Think denies the allegations of ¶ 26.

27. Big Think denies the allegations of ¶ 27.

28. Big Think denies the allegations of ¶ 28.

29. Big Think denies the allegations of ¶ 29.

30. Big Think admits and denies the allegations of ¶ 30 to the same extent it admitted and denied the incorporated paragraphs.

31. Big Think denies the allegations of ¶ 31.

32. Big Think denies the allegations of ¶ 32.

33. Big Think denies the allegations of ¶ 33.

34. Big Think denies each allegation that it has not expressly admitted.

35. The Complaint fails to state a claim upon which relief may be granted.

36. The TCPA claim is barred by the failure to mitigate damages.

37. At all times relevant, Big Think acted in good faith.

38. Any actions or inactions of Big Think did not cause Cunningham any actual damages and, therefore, this Court has no subject matter jurisdiction.

39. To the extent the Complaint seeks class relief, claims of the putative class are identified in the Complaint are barred by res judicata.

40. To the extent the Complaint seeks class relief, claims of the putative class identified in the Complaint are barred or must be reduced by recoupment or set off.

41. To the extent the Complaint seeks class relief, claims of the putative class identified in the Complaint are barred by the doctrine of judicial estoppel.

42. Big Think is entitled to set off any sums which it may owe the putative class members against the amounts the putative class members owe Big Think.

43. Big Think received consent to call the telephone number it dialed or sent messages to as alleged in the Complaint.

44. The claims of the Complaint are barred by estoppel.

45. The imposition of statutory damages would violate the Due Process Clause of the Fifth Amendment to the United States Constitution.

46. The claims of the Complaint are barred by Cunningham's unclean hands.

WHEREFORE, Defendant Big Think Capital Inc. demands that the Complaint be dismissed, and for such further and other relief as to which it may be entitled.

Dated: October 7, 2019

Respectfully submitted,

THOMPSON HINE LLP

By: /s/ Mendy Piekarski
Mendy Piekarski
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Tel. (212) 344-5680
Fax (212) 344-6101
Mendy.Piekarski@thompsonhine.com

*Attorneys for Defendant*
*Big Think Capital, Inc.*