UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CRAIG CUNNINGHAM** on behalf of himself and all others similarly situated, | Case No. 2:19-cv-00638-ILG-PK |
| Plaintiff, | |
| -vs.- | **STIPULATED PROTECTIVE ORDER** |
| **BIG THINK CAPITAL INC.,** | |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 26, the parties move the Court to enter the following Stipulated Protective Order. This Order is to preserve and maintain the confidentiality of certain confidential and proprietary information ("Confidential/Proprietary Information", as further defined below) which may be disclosed or obtained by the parties and/or third parties. The parties have agreed that good cause exists for this Stipulated Protective Order to preserve the legitimate proprietary interests regarding such information that has not been released to the public and which the parties may mutually seek production of through their respective discovery requests. The Court specifically finds that good cause exists for this Stipulated Protective Order.

1. **Scope**

This Stipulated Protective Order shall govern the disclosure and use of Confidential/Proprietary Information produced in connection with this litigation. All information which is or has been produced or discovered in this litigation, regardless of whether designated confidential, shall be used solely for the prosecution or defense of this litigation unless the information is available to the public without a breach of the terms of this Stipulated Protective

Order. The measures designated by the parties in this Stipulated Protective Order are reasonable and will not prejudice anyone or unduly burden the Court.

2. **Defined Terms**

The term "Confidential/Proprietary Information" shall include both information defined as "Confidential" and information defined as "Attorneys Eyes Only – Highly Confidential" as these terms are further defined herein at paragraph 3. "Confidential/Proprietary Information" shall consist of any information as defined in paragraph 3.A below produced by the parties during the course of discovery that is not generally known by or broadcast to the public, and all copies, excerpts, or summaries of the documents or information produced, including without limitation, documents produced pursuant to Fed. R. Civ. P. 33 or 34, answers to requests for admission, answers to interrogatories, documents subpoenaed in connection with deposition testimony, or deposition transcripts, and any other trade secret or other information that is non-public, proprietary and/or confidential information, the disclosure of which (whether separately or in conjunction with other information being produced) is believed in good faith by the producing party to have the potential for causing harm or giving a competitive advantage to others.

The term "trade secret" means information that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

3. **Confidentiality Designations**

Information produced pursuant to this Stipulated Protective Order that a producing party desires to be protected by the Stipulated Protective Order shall be designated by the producing

party as either "Confidential" or "Attorneys Eyes – Highly Confidential" (in accordance with the process outlined in paragraph 7) and shall be given confidential treatment as described herein.

    A. **"Confidential"** means any information that is nonpublic, personal, private, proprietary and/or confidential information, the disclosure of which (whether separately or in conjunction with other information being produced) is believed in good faith by the designating party to have the potential for causing harm or giving a competitive advantage to others and is not designated as Attorneys Eyes Only – Highly Confidential.

    B. **"Attorneys Eyes Only – Highly Confidential"** means any information that is confidential, proprietary business information or highly sensitive non-public information, the disclosure of which (whether separately or in conjunction with other information being produced) is believed in good faith by the designating party to have the potential for causing harm or giving a competitive advantage to others, or is subject to restriction from disclosure by applicable law, unless disclosure thereof is limited to the persons identified in paragraph 9(B). Attorneys Eyes Only – High Confidential information may include, but is not limited to, the following categories of information: (a) customers, partners or collaborators in the distribution chain including customer names, contact information, sales history or account information; (b) any party's research, procedures, processes, designs, formulas, market data, plans, strategies, or market entry decisions; (c) personal information of any party's employees, officers, directors, managers, or agents including, without limitation, personal financial information and personnel information; and (d) pricing and financial information including, but not limited to, prices, rebates, discounts, sales, profits, overhead, labor rates, development and manufacturing costs, balance sheets, financial statements, accounting, financial or other business records or data, cost information, pricing

agreements, supply agreements, distribution agreements, or sales representative agreements and other financial information not known to the public.

4. **Exclusion for Public Information**

Nothing shall be regarded as Confidential/Proprietary Information if it is information that is (a) in the public domain at the time of disclosure; (b) becomes a part of the public domain through no fault of the other party; (c) the receiving party can show was in its rightful and lawful possession at the time of disclosure; or (d) the receiving party lawfully received from a third party without restriction as to its disclosure, provided such third party had the right to make the disclosure to the receiving party.

5. **Right to Challenge**

Any party may challenge the designation of any information.

6. **Designation Process**

Any designation made in accordance with this Stipulated Protective Order shall apply to all documents that reproduce, paraphrase, summarize or otherwise contain information so designated.

A. **Parties/Third Parties May Designate**. Any party or third party producing Confidential/Proprietary Information in the above-captioned matter may designate such information Confidential or Attorneys Eyes Only – Highly Confidential pursuant to this Stipulated Protective Order.

B. **Designate by Marking**. The party or third party wishing to designate Confidential/Proprietary Information as Confidential or Attorneys Eyes – Highly Confidential shall mark the information, including each page of the document, with a stamp identifying it as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY – HIGHLY CONFIDENTIAL." Where

designation on the information itself is impracticable as in the case of certain electronic information or physical objects, the designating party or designating third party shall advise the receiving party in writing of the desired designation and the scope of the information covered with reasonable specificity, or shall include the desired designation in the file name of the information being conveyed or produced.

**C.** **Challenge to Designation**. The receiving party may at any time request that information designated as Attorneys Eyes Only – Highly Confidential be redesignated as Confidential or re-designated as non-confidential information and that information designated as Confidential be redesignated as non-confidential information. Such a request shall be submitted to the designating party in writing. The designating party shall respond to any such request within five (5) days. If the request for re-designation is denied, counsel for the parties must meet and confer to resolve the dispute prior to the filing of any motion or application before the Court to challenge the designation. A party who disagrees with another's designation or who asserts that confidentiality has been waived must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

**D.** **Use of Confidential/Proprietary Information at a Deposition**. Whenever any Confidential/Proprietary Information is presented or is the subject of inquiry at a deposition, or if counsel for a party designates that an answer to a question or line of questioning is Confidential/Proprietary Information, such portion of the deposition that may reveal the Confidential/Proprietary Information or its contents shall be conducted (unless otherwise agreed by counsel for the parties in writing or upon the record of a deposition) so that only those persons duly authorized to have access to such Confidential/Proprietary Information are present.

**E.     Deposition Transcripts**. The transcript of any such deposition shall be treated as Attorneys Eyes Only Information for twenty (20) days following receipt of the transcript. The designating party or third party shall notify the parties within such time of the specific pages, lines, and/or exhibits which it is designating as Confidential or Attorneys Eyes – Highly Confidential. Each party shall attach a copy of such written notice to the face of the transcript and each copy thereof in its possession, custody or control. Any transcript of a deposition in which Confidential/Proprietary Information is presented or is the subject of inquiry shall be separately bound, marked with the appropriate confidentiality designation, and shall not be disclosed to persons other than those persons duly authorized hereunder to have access, unless those questions, answers or exhibits designated as Confidential/Proprietary Information have been removed from the copies.

7.    **Inadvertent Disclosure or Production**.

The inadvertent production of any privileged or otherwise protected or exempted information, as well as the inadvertent production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the producing party shall notify the receiving party in writing when inadvertent production is discovered in accordance with the Federal Rules of Civil Procedure. Upon receiving written notice from the producing party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereto shall be kept by counsel for the receiving party and counsel shall not use such information for any purpose until further Order of the Court. The producing party may then move the court for an

Order compelling return of the material. Any analyses, memoranda or notes which were internally generated based upon such inadvertently produced information shall immediately be treated in conformance with the protected nature of the information but shall not be provided to the producing party.

8. **<u>Handling of Confidential/Proprietary Information.</u>**

Confidential/Proprietary Information subject to this Stipulated Protective Order shall not be made public by counsel for the receiving party or divulged to anyone other than the persons entitled to access such information as Qualified Persons – Confidential Information or Qualified Persons – Attorneys Eyes Only – Highly Confidential as defined herein.

A. **Qualified Persons – Confidential Information**. Counsel for the receiving party shall not disclose documents designated as Confidential, other than to the following persons (hereinafter referred to as "Qualified Persons - Confidential"):

- All attorneys for the parties in this action, including outside counsel, and their law partners, associates, assistants, paralegals, clerks, stenographic personnel provided that such persons are regularly employed by the outside attorneys or the outside law firm and are not employed by any party;

- In-house counsel, directors, officers, members, employees, or agents of a party but only to the extent deemed necessary by the attorneys for such party for purposes of litigation;

- Independent experts and consultants retained by any party whose assistance is necessary for the preparation or trial of this action;

- The Court and its personnel;

- Any court reporter or videographer used during depositions or hearings;

- Any deponent or third party who authored, wrote, received or produced the information in issue; and

- Any other persons upon the written agreement of the parties or their counsel of record.

With the exception of the Court and its personnel, disclosure shall be made to persons identified as Qualified Persons – Confidential Information only as necessary for this litigation, and only after the person to whom disclosure is made has been informed of the Protective Order, and has agreed in writing to be bound by it, by signing the form of acknowledgment attached to this Protective Order as Exhibit A - Acknowledgment. The terms of this Protective Order shall be explained to such persons by the persons disclosing the Confidential information. The executed acknowledgment shall be retained by counsel disclosing the Confidential information. Confidential information shall not be disclosed to any person in any manner not specified in this Protective Order.

**B.    Qualified Persons – Attorneys Eyes Only – Highly Confidential**. Counsel for the receiving party shall not disclose documents designated as Attorneys Eyes Only – Highly Confidential other than to the following persons (hereinafter referred to as "Qualified Persons – Attorneys Eyes Only – Highly Confidential"):

- Outside counsel of record for the parties in this action, including their law partners, associates, assistants, paralegals, clerks, stenographic personnel provided that such persons are regularly employed by the outside attorneys or the outside law firm and are not employed by any party;

- Independent experts and consultants retained by any party whose assistance is necessary for the preparation or trial of this action;

- The Court and its personnel;

- Any court reporter or videographer used during depositions;

- Employees of attorney services or professional copy services retained by a party or counsel for a party;

- Any court reporter or videographer used during depositions or hearings; and

- Any other persons upon the written agreement of the parties or their counsel of record.

With the exception of the Court and its personnel, disclosure shall be made to persons identified as Qualified Persons – Attorneys Eyes Only – Highly Confidential only as necessary for this litigation, and only after the person to whom disclosure is made has been informed of the Stipulated Protective Order, and has agreed in writing to be bound by it, by signing the form of acknowledgment attached to this Stipulated Protective Order as Exhibit A - Acknowledgment. The terms of this Stipulated Protective Order shall be explained to such persons by the persons disclosing the Attorneys Eyes Only – Highly Confidential. The executed acknowledgment shall be retained by counsel disclosing the Attorneys Eyes Only – Highly Confidential. Attorneys Eyes Only – Highly Confidential shall not be disclosed to any person in any manner not specified in this Protective Order.

**C.  Disclosure Permitted if Consent or by Court Order**. Nothing shall prevent disclosure beyond the terms of this Stipulated Protective Order if any party expressly consents to such disclosure, either in writing or in the record of any proceeding in this litigation, or if the Court, after notice to all affected parties, orders such disclosure.

**D.  Disclosure to Unauthorized Persons**. If Confidential/Proprietary Information subject to this Stipulated Protective Order is disclosed to any unauthorized person either through inadvertence, mistake, or otherwise without authorization by the designating party or third party, or other than in the manner authorized by this Stipulated Protective Order, the person responsible for the disclosure shall immediately: (a) inform the designating party or third party of all pertinent facts relating to such disclosure, including without limitation, the name, address, and telephone number of the recipient and his or her employer; (b) use his or her best efforts to retrieve the disclosed information and all copies thereof; (c) advise the recipient of the improperly disclosed information, in writing, of the terms of this Stipulated Protective Order; (d) make his or

her best efforts to require the recipient to execute an agreement to be bound by the terms of this Stipulated Protective Order in the form of the declaration attached hereto as Exhibit A; and (e) take all other reasonable steps to prevent further disclosure by or to the unauthorized person who received the protected information.

9. **Filing and use of Confidential/Proprietary Information by Court.**

    A. **Filing Under Seal**. Any party seeking to file documents under seal must comply with all applicable governing rules.

    B. **Redactions**. The attorneys of record, where practicable, shall make reasonable efforts to redact Confidential/Proprietary Information contained within documents produced under this protective order and file such redacted copies for the public record. Each party acknowledges that it will comply with the necessary redactions required by Federal Rule of Civil Procedure, Rule 5.2

    C. **Additional Protection**. Nothing in this Stipulated Protective Order shall be construed as precluding a party from seeking additional protection from the Court against the disclosure or production of any other confidential information, including an order that such information not be disclosed or that it be disclosed only in a designated manner.

    D. **Use at Hearing or Trial**. The use of Confidential/Proprietary Information at trial or hearing shall be addressed in any pre-trial or pre-hearing order or by a stipulation submitted by the parties to comport with the Court's pre-trial or pre-hearing filing deadlines.

10. **No Waiver.**

By entering into this Stipulated Protective Order, the parties do not intend to waive any objections raised in response to discovery, nor does this Stipulated Protective Order in any way obligate any party to produce any specific documents or records in the future which a party deems

inappropriate for production. The agreement of the parties to this Stipulated Protective Order shall not be construed as an agreement or admission: (i) that any material or document designated as confidential is, in fact, confidential; (ii) as to the correctness or truth of any allegation made or position taken relative to any matter designated as confidential; or (iii) with respect to the authenticity, competency, relevance or materiality of any document or thing designated as confidential.

11. **Modification.**

The terms of this Stipulated Protective Order are subject to modification, extension, or limitation as may hereinafter by agreement by all of the parties or by order of the Court. Nothing contained in this Stipulated Protective Order shall prevent a party at any time from seeking to modify or obtain relief from the terms or conditions of this Stipulated Protective Order.

13. **Termination of the Litigation**.

Upon the termination of this litigation, the provisions of this Stipulated Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. Following termination of this litigation and upon written request by counsel for the disclosing party or person, the person having received any information subject to this Stipulated Protective Order shall return said information to the disclosing party or shall destroy, in a secure manner, said information and shall certify such destruction has been made, what materials were destroyed, and the process by which destruction was accomplished.

IT IS SO ORDERED this _____ day of September, 2019.

_____
United States District Judge

REVIEWED AND AGREED:

| | |
|---|---|
| /s/*Aytan Y. Bellin* | /s/*Mendy Piekarski* |
| Aytan Y. Bellin | Mendy Piekarski |
| BELLIN & ASSOCIATES LLC | THOMPSON HINE LLP |
| 50 Main Street, Suite 1000 | 335 Madison Avenue, 12th Floor |
| White Plains, NY 10606 | New York, New York 10017-4611 |
| Phone: (914) 358-5345 | Phone: (212) 344-5680 |
| Fax: (212) 571-0284 | Fax: (212) 344-6101 |
| aytan.bellin@bellinlaw.com | Mendy.Piekarski@thompsonhine.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant Big Think Capital, Inc.* |

1095414.1

# EXHIBIT A - ACKNOWLEDGMENT

I, _____, have reviewed the protective order entered in the case of *Craig Cunningham v. Big Think Capital Inc.,* 2:19-cv-00638-ILG-PK, and I agree to abide by the terms contained in it. I understand that all information designated as Confidential/Proprietary Information (either Confidential or Attorneys' Eyes Only – Highly Confidential) shall not be disclosed pursuant to the terms of this Stipulated Protective Order and that all such information must be destroyed or returned to the producing party following the resolution of this case.

Date:_____

_____