UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRAIG CUNNINGHAM on behalf of himself and all others similarly situated, | Case No. 2:19-cv-00638-ILG-PK |
| Plaintiff, | |
| -vs.- | |
| BIG THINK CAPITAL INC., | |
| Defendant. | |

**CONSENT MOTION TO STAY ACTION**

Defendant, Big Think Capital Inc. ("Big Think") hereby moves this Court to stay the proceedings until a resolution in U.S. Supreme Court case *Barr v. American Association of Political Consultants*, 19-631 (U.S. Jan. 10, 2020) ("*Barr*"). Big Think's counsel has consulted with Plaintiff's counsel and Plaintiff's counsel has indicated that he does not object to a stay of this proceeding.

Plaintiff filed this putative class action against Big Think on February 1, 2019. Big Think filed its Answer on October 7, 2019. Pursuant to agreements between the parties, the Court granted two extensions of time to complete discovery. (ECF 23 and 25).

This case is a putative class action against Big Think alleging that Big Think violated the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227 *et.seq.*) by calling Plaintiff using an automatic telephone dialing system ("ATDS") without Plaintiff's prior express written consent.

At present, the constitutionality of the TCPA is before the U.S. Supreme Court in *Barr v. American Association of Political Consultants,* 19-631 (U.S. Jan. 10, 2020). In *Barr,* the Court will decide whether the automated-call ban is an unconstitutional content-based restriction on speech that does not withstand strict scrutiny. The Question Presented in *Barr* also includes the issue of whether, if the provision is found to be unconstitutional, the provision should be severed or whether the entire statute should be found to be unconstitutional. If the Supreme Court finds that the offending provision is unconstitutional and cannot be severed, that decision could dispose of this entire case. Thus, the Defendant respectfully submits that this case should be stayed pending resolution of *Barr*.

Further, to prevail on his claims in this putative class action lawsuit, Plaintiff must prove that Big Think used an ATDS. While what constitutes an ATDS was recently addressed by the

Second Circuit in *Duran v. La Boom Disco, Inc.*, Case No. 19-600-cv, 2020 WL 1682773 (2d Cir. Apr. 7, 2020), this is an issue over which there is a significant split among the Circuits. The Seventh, Eleventh, and Third Circuits have concluded that, for purposes of determining whether a technology constitutes an ATDS, if the system dials from a stored list, rather than a randomly or sequentially generated list, it is not an ATDS. *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020); *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301 (11th Cir. 2020); and *Dominguez v. Yahoo, Inc.*, 894 F.3d 116 (3d Cir. 2018). On the other hand, *Duran* joins the Ninth Circuit's decisions in *Marks v. Crunch San Diego, LLC,* 904 F.3d 1041 (9th Cir. 2018) and *Duguid v. Facebook, Inc.*, 926 F.3d1146 (9th Cir. 2019) in finding otherwise.

This Court should exercise its discretion to stay this action (as this Court recently did in a nearly identical TCPA case in *Mizrahi v. Kalamata Research Services, LLC*, 1:20-cv-00666-RPK-PK (E.D.N.Y. Apr. 24, 2020)) and as courts throughout the nation have done as the decision in *Barr* may dispose of Plaintiff's claim in its entirety.

WHEREFORE, Defendant Big Think Capital Inc. hereby requests a stay of the proceeding until a decision is issued in the *Barr* action.

### CERTIFICATION OF COMPLIANCE WITH
### INDIVIDUAL PRACTICE RULE VI(A)(2)(a)

On June 1, 2020, my office contacted counsel for Plaintiff to inform him of Defendant's intent to file a Motion to Stay the proceedings. Plaintiff's counsel indicated his consent to this Motion.

Dated: June 11, 2020

Respectfully submitted,

THOMPSON HINE LLP

By: /s/Mendy Piekarski
Mendy Piekarski
335 Madison Avenue, 12th Floor

New York, New York 10017-4611
Tel. (212) 344-5680
Fax  (212) 344-6101
Mendy.Piekarski@thompsonhine.com

*Attorneys for Defendant*
*Big Think Capital, Inc.*