UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CRAIG CUNNINGHAM** on behalf of himself and all others similarly situated, | **Case No. 2:19-cv-00638-ILG-PK** |
| Plaintiff, | |
| -vs.- | **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STAY** |
| **BIG THINK CAPITAL INC.,** | |
| Defendant. | |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................... 1

II. RELEVANT HISTORY ........................................................................................... 2

    A. Plaintiff's Complaint ..................................................................................... 2

    B. The *Facebook* case is Before the U.S. Supreme Court on What Constitutes an ATDS Under the TCPA ................................................................................ 3

    C. This Court Stayed a Similar TCPA Case Based on *Facebook* ..................... 4

III. ARGUMENT ............................................................................................................ 4

    A. Legal Standard on a Motion to Stay .............................................................. 4

    B. The Landis Factors All Militate in Favor of a Stay ...................................... 5

        1. A stay will not harm Plaintiff but proceeding with the litigation would prejudice Defendant ........................................................... 5

        2. The Defendant and the Court will be burdened if this action proceeds before the *Facebook* decision ................................................. 7

        3. A stay of this case is in the public interest ................................................ 8

IV. CONCLUSION ......................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*ACA Int'l v. FCC*,
  885 F.3d 687 (D.C. Cir. 2018) .................................................................................................. 6

*A.M. v. Bridgecrest Acceptance Corp.*,
  No. 4:20-cv-00553-SEP, 2020 U.S. Dist. LEXIS 112936 (E.D. Mo. June 26, 2020) .............. 4

*Barnes v. CS Mktg. LLC*,
  430 F. Supp. 3d 1309 (S.D. Fla. 2020) ................................................................................ …1, 8

*Barr v. American Association of Political Consultants*,
  19-631 (U.S. Jan. 10, 2020) ............................................................................................... passim

*Briscoe v. New Haven*,
  Case No. 09-cv-1642-CSH, Doc. 151 (D. Conn. Feb. 14, 2012) ............................................. 5

*Coatney v. Synchrony Bank*,
  Case No. 6:16-cv-389-Orl-22TBS, 2016 WL 4506315 (M.D. Fla. Aug. 2,
  2016) ........................................................................................................................................ 6

*Davis v. Blige*,
  Case No. 1:03-cv-00993-CSH, 2008 WL 2477461 (S.D.N.Y. June 16, 2008) ........................ 5

*Dimarco v. Nationstar Mortg., LLC*,
  No. 16-CV-6588, 2017 U.S. Dist. LEXIS 69175 (W.D.N.Y. May 5, 2017) ............................ 7

*Dominguez v. Yahoo, Inc.*,
  894 F.3d 116 (3d Cir. 2018) .................................................................................................. 2, 8

*Duguid v. Facebook, Inc.*,
  No. 15-cv-00985-JST, 2016 U.S. Dist. LEXIS 39628 (N.D. Cal. Mar. 24, 2016) ................... 3

*Duguid v. Facebook, Inc.*,
  926 F.3d 1146 (9th Cir. 2019) .................................................................................................. 3

*Duran v. La Boom Disco, Inc.*,
  Case No. 19-600-cv, 2020 WL 1682773 (2d Cir. April 7, 2020) .......................................... 2, 8

*Errington v. Time Warner Cable, Inc.*,
  No. 15-2196, 2016 WL 2930696 (C.D. Cal. May 18, 2016) ................................................... 6

*Facebook, Inc. v. Duguid*,
    19-511 (U.S. July 9, 2020)..................................................................................... 1, 5

*Gadelhak v. AT&T Servs., Inc.*,
    950 F.3d 458 (7th Cir. 2020) ................................................................................. 2, 8

*Glasser v. Hilton Grand Vacations Co.*,
    948 F.3d 1301 (11th Cir. 2020) ......................................................................... 2, 7, 8

*Kappel v. Comfort*,
    914 F.Supp. 1056 (S.D.N.Y. 1996).............................................................................. 5

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936).................................................................................................. 4, 5

*Mejia v. Time Warner Cable, Inc.*,
    No. 15-CV-6445 (JPO), 2017 U.S. Dist. LEXIS 190746 (S.D.N.Y. Nov. 17, 2017)............... 7

*Lopez v. Miami-Dade County*,
    145 F.Supp. 3d 1206, 1208 (S.D. Fla. 2015) ........................................................... 8

*Mizrahi v. Kalamata Research Services, LLC*,
    1:20-cv-00666-RPK-PK (E.D.N.Y. Apr. 24, 2020) .................................................. 4

*Marks v. Crunch San Diego, LLC*,
    904 F3d 1041 (9th Cir. 2018) .............................................................................. 3, 8

*Range v. 480-486 Broadway, LLC*,
    810 F.3d 108 (2d Cir. 2015)..................................................................................... 4

*Reynolds v. Time Warner Cable, Inc.*,
    Case No. 6:16-cv-6165W, 2017 WL 362025 (W.D.N.Y. Jan. 25, 2017) ................. 6

*Sikhs v. Justice v. Nath*,
    893 F. Supp. 2d 598 (S.D.N.Y. 2012)....................................................................... 5

*Southstar Capital Group I, LLC v. 1662 Multifamily LLC*,
    No. 6:18-CV-1453-ORL-40DCI, 2019 WL 3752892 (M.D. Fla. Aug. 8, 2019).................. ..8

*St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.*,
    Case No. 4:15-CV-0215 AGF, 2015 WL 6777873 (E.D. Mo. Nov. 4, 2015) ......................... 6

*Stone v. Sterling Infosystems, Inc.*,
    No. 2:15-cv-00711, 2015 Wl 4602968 (E.D. Cal. Jul. 29, 2015) ............................ 6

*United States v. Taylor*,
    No. CV 16-02063-PHX-DGC (DMF), 2016 U.S. Dist. LEXIS 154148
    (D. Ariz. Nov. 4, 2016)............................................................................................ 9

**STATUTES**

Telephone Consumer Protection Act ("TCPA")  (47 U.S.C. §227 *et. seq.*) .......................... passim

Defendant, Big Think Capital Inc. ("Big Think") submits this Memorandum in Support of Defendant's Motion to Stay and in support, states as follows:[1]

## I. INTRODUCTION

Plaintiff filed this putative class action alleging that Big Think violated the Telephone Consumer Protection Act ("TCPA," 47 U.S.C. §227 *et. seq.*) by calling Plaintiff using an automatic telephone dialing system ("ATDS") without Plaintiff's prior express written consent. The Court previously granted a stay of this case pending the U.S. Supreme Court's decision in *Barr v. American Association of Political Consultants,* 19-631 (U.S. Jan. 10, 2020) ("*Barr*"). On July 6, 2020, the Supreme Court issued its decision in *Barr* holding that the TCPA's government-debt exception was an unconstitutional content-based restriction on speech, but rather than striking down the TCPA in its entirety, the Supreme Court cured the constitutional violation by severing the government-debt exception. The Supreme Court's decision left the remainder of the TCPA intact, meaning the preexisting stay in this case should be lifted.

However, Defendant respectfully asks this Court to continue the stay due to the U.S. Supreme Court's recent grant of certiorari in *Facebook, Inc. v. Duguid,* 19-511 (U.S. July 9, 2020). In *Facebook*, the Supreme Court will analyze, and presumably resolve a circuit split regarding, the definition of an ATDS. The Supreme Court's decision could dispose of this case because, to prevail, Plaintiff must prove that Big Think used an ATDS when placing calls to Plaintiff.

Although the definition of an ATDS was recently addressed by the Second Circuit, this is an issue over which there is a significant split among the circuits with the Second and Ninth Circuits taking one approach, and the Seventh, Eleventh, and Third Circuits taking another.

---

[1] Pursuant to Judge Kuo's Individual Rules of Practice, Section VI.A.2.b, a pre-motion conference with the Court is not required before making a non-dispositive motion unrelated to discovery. If the Court determines otherwise, Big Think is happy to submit a letter summarizing this motion and seeking a pre-motion conference.

*Compare Duran v. La Boom Disco, Inc.*, Case No. 19-600-cv, 2020 WL 1682773 (2d Cir. April 7, 2020); *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020); *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301 (11th Cir. 2020); *Dominguez v. Yahoo, Inc.*, 894 F.3d 116 (3d Cir. 2018); *Marks v. Crunch San Diego, LLC,* 904 F3d 1041 (9th Cir. 2018); and *Duguid v. Facebook, Inc.*, 926 F.3d1146 (9th Cir. 2019).

This Court should exercise its discretion to stay this action pending the Supreme Court's decision in *Facebook*. This Court stayed a nearly identical TCPA case currently on its docket in *Mizrahi v. Kalamata Research Services, LLC*, 1:20-cv-00666-RPK-PK (E.D.N.Y. Apr. 24, 2020) ("ORDERED, that this case is stayed pending a decision by the United States Supreme Court in . . . *Duguid v. Facebook, Inc.*"). Rather than harming Plaintiff, a stay will give Plaintiff and Big Think both the benefit of saving substantial expenses in discovery and motion practice that may be unnecessary. On the other hand, if this case is not stayed, the parties could both be prejudiced by incurring substantial costs that could be wholly unnecessary.

## II.     RELEVANT HISTORY

### A.     Plaintiff's Complaint

On February 1, 2019, Plaintiff filed this putative class action against Big Think, and on October 7, 2019, Big Think filed its Answer. The Complaint alleges that Plaintiff received a text message and/or telephone call from Big Think in violation of the TCPA, but the Complaint contains only one substantive allegation that the message was sent using an ATDS. *See e.g.* Compl. ¶14 ("Upon information and belief, an automatic telephone dialing system within the meaning of the TCPA was used to make the above-described calls to Plaintiff's cell phone because the text messages were generic, impersonal and aimed at a mass audience.").

Pursuant to agreements between the parties, the Court granted two extensions of time to

complete discovery. (ECF 23 and 25). Although Big Think has served written discovery on Plaintiff, it has only received Responses to Requests for Admission. It is Big Think's understanding that Plaintiff is in the process of finalizing his Answers to Interrogatories and Responses to Requests for Production of Documents. The outstanding discovery requests and the logistical challenges accompanying the COVID-19 pandemic have delayed the parties from scheduling depositions.

     **B.    The Issue of What Constitutes an ATDS is Directly Before the Supreme Court.**

In 2015, Noah Duguid filed a class action lawsuit alleging that Facebook violated the TCPA by using an ATDS to send him text messages without his prior express consent. Facebook challenged Duguid's allegations on the ground that Duguid did not adequately allege that the text messages were sent using an ATDS. The District Court ruled in favor of Facebook and dismissed the case. *Duguid v. Facebook, Inc.*, No. 15-cv-00985-JST, 2016 U.S. Dist. LEXIS 39628, at *18 (N.D. Cal. Mar. 24, 2016). The Ninth Circuit reversed in *Duguid v. Facebook, Inc.*, 926 F.3d 1146, 1149 (9th Cir. 2019), holding that Duguid's allegations were sufficient because he alleged that Facebook's messaging device had the capacity to "store numbers to be called" and "to dial such numbers automatically." *Id.* at 1151. The Court noted that an ATDS "need not be able to use a random or sequential generator to store numbers," reaffirming its prior decision in *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018) that the adverbial phrase "using a random or sequential number generator" modifies only the verb "to produce," and not the preceding verb, "to store." *Id.*

On July 9, 2020, the U.S. Supreme Court granted *certiorari* in *Facebook* to address the following Question: "Whether the definition of ATDS in the TCPA encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not "us[e] a

3

random or sequential number generator." Petitioner's Brief in *Facebook, Inc. v. Duguid*, Case No. 19-511, (S.Ct. Oct. 17, 2019).

    **C.**    **This Court Stayed a Similar TCPA Case Based on *Facebook*.**

Given the importance of the meaning of an ATDS, this Court stayed a nearly identical TCPA case currently on its docket pending the Supreme Court's decision in *Facebook*. *See Mizrahi v. Kalamata Research Services, LLC*, 1:20-cv-00666-RPK-PK (E.D.N.Y. Apr. 24, 2020) (Kuo, J.) ("ORDERED, that this case is stayed pending a decision by the United States Supreme Court in . . . *Duguid v. Facebook, Inc.*"); *see also A.M. v. Bridgecrest Acceptance Corp.*, No. 4:20-cv-00553-SEP, 2020 U.S. Dist. LEXIS 112936, at *8 (E.D. Mo. June 26, 2020) ("[W]ere the Supreme Court to grant certiorari in *Facebook*, there might be good reason to stay this case pending resolution of that one."). Because a central issue in this case is whether Big Think used an ATDS to send text message and/or make telephone calls to Plaintiff, the Supreme Court's decision in *Facebook* may dispose of this case altogether. Thus, it is in the interest of the parties, the Court, and the public to stay this case pending resolution of *Facebook*.

**III.**    **ARGUMENT**

    **A.**    **Legal Standard on a Motion to Stay**

Courts have broad discretion to manage their docket and stay proceedings as "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). In the Second Circuit, the "decision whether to stay an action calls on the district court's 'studied judgment,' requiring the court to examine 'the particular facts before it' and determine 'the extent to which…a stay would work a hardship, inequity, or injustice to a party, the public or the court.'" *Range v. 480-486 Broadway, LLC,* 810 F.3d 108, 113 (2d Cir. 2015) (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83,

4

99 (2d Cir. 2012)).

Based on *Landis,* courts consider five factors in connection with the exercise of their discretion on whether to stay a case:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Kappel v. Comfort,* 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (citations omitted).

Courts routinely stay proceedings "when a higher court is close to settling an important issue of law bearing on the action." *Sikhs v. Justice v. Nath,* 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012); *see also Davis v. Blige,* Case No. 1:03-cv-00993-CSH, 2008 WL 2477461, at *2 (S.D.N.Y. June 16, 2008) (granting stay pending *certiorari* decision from the Supreme Court); *Briscoe v. New Haven,* Case No. 09-cv-1642-CSH, Doc. 151 (D. Conn. Feb. 14, 2012) (same).

Here, all the *Landis* factors are satisfied, warranting a stay of this case.

### B. The *Landis* Factors All Militate in Favor of a Stay

The *Landis* factors involve a balancing test between prejudice to the parties, the burden on the defendant, the Court's interest, and the interests of justice. These factors are largely intertwined and are all present here.

#### 1. A stay will not harm Plaintiff but proceeding with the litigation would prejudice Defendant.

A stay poses no risk of harm to Plaintiff. However, proceeding with the litigation could prejudice both Plaintiff and Big Think by requiring them to incur legal expenses that would be unnecessary if the Supreme Court's decision in *Facebook* is dispositive of the claims at issue.

Plaintiff will also not be prejudiced because this case is in the early stages of written discovery. Indeed, Plaintiff has not served written discovery on Big Think, and has only responded to Big Think's Requests for Admission (leaving Big Think's remaining discovery requests

5

outstanding). As a result, Plaintiff will not be prejudiced by a stay of this litigation pending decisions that could have a material impact on substantive issues in this case. *See e.g. Stone v. Sterling Infosystems, Inc.*, No. 2:15-cv-00711, 2015 WL 4602968, at *2 (E.D. Cal. Jul. 29, 2015) ("The Court sees no reason why Plaintiff should be allowed to conduct discovery…forcing Defendant to incur unnecessary expenses, until it can be established that this case will be proceeding forward."); *Errington v. Time Warner Cable, Inc.,* No. 15-2196, 2016 WL 2930696, at *4 (C.D. Cal. May 18, 2016) (staying TCPA action pending appeal in a separate action and noting that the "possible prejudice to Plaintiff is minimal" and "Defendant may suffer hardship in conducting discovery and trial preparation" in light of the uncertainty that would be resolved by the appeal); *St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.,* Case No. 4:15-CV-0215 AGF, 2015 WL 6777873 at *5 (E.D. Mo. Nov. 4, 2015) (staying a TCPA action where another TCPA case was pending in the Supreme Court for, amongst other reasons, the "very young" age of the case where much discovery had not yet been conducted and substantive issues had not yet been litigated).

Notably, in an analogous situation, many cases were stayed pending the D.C. Circuit Court of Appeals decision in *ACA Int'l v. FCC*, 885 F.3d 687, (D.C. Cir. 2018), which reviewed, among other issues, the meaning of an ATDS. *See e.g., Coatney v. Synchrony Bank*, Case No. 6:16-cv-389-Orl-22TBS, 2016 WL 4506315, at *2 (M.D. Fla. Aug. 2, 2016) ("Plaintiff has not shown that he will be prejudiced by a stay at such an early stage in the litigation). In *Reynolds v. Time Warner Cable, Inc*., Case No. 6:16-cv-6165W, 2017 WL 362025, at * 3 (W.D.N.Y. Jan. 25, 2017) (as in *Coatney*), the Court granted a motion to stay pending the decision in *ACA Int'l* on essentially the same grounds as requested here. In fact, the *Reynolds* opinion cites to at least nine other decisions where courts granted stays in TCPA cases pending the ruling in the *ACA Int'l* case. In all of those

6

cases, the Courts found that the plaintiff would not be prejudiced by the stay. This case should be stayed.

### 2. The Defendant and the Court could be burdened if this action proceeds before *Facebook* is decided.

If this case were to proceed pending *Facebook*, there is a substantial risk that the parties may expend unnecessary resources (both their own and the Court's) investigating issues of which the *Facebook* decision could dispose. As the Court noted in *Barnes v. CS Mktg. LLC*, a stay is warranted "to conserve the parties' and judicial resources" in cases involving the meaning of an ATDS, where there is a higher authority currently adjudicating that same issue. 430 F. Supp. 3d 1309, 1313 (S.D. Fla. 2020) (staying case pending the decisions of the FCC and the Eleventh Circuit in *Glasser v. Hilton Grand Vacations Co., LLC*, No. 18-14499 regarding the meaning of an ATDS); *see also Mejia v. Time Warner Cable, Inc.*, No. 15-CV-6445 (JPO), 2017 U.S. Dist. LEXIS 190746, at *11 (S.D.N.Y. Nov. 17, 2017) (staying case to avoid potential needless discovery pending the D.C. Circuit's decision in *ACA International* regarding the meaning of an ATDS); *Dimarco v. Nationstar Mortg., LLC*, No. 16-CV-6588, 2017 U.S. Dist. LEXIS 69175, at *2 (W.D.N.Y. May 5, 2017) (same).

In granting the Defendant's Motion to Stay, the Court in *Barnes* noted that if the Eleventh Circuit in *Glasser* or the FCC "adopted a definition that provides—as the defendant in *Glasser* suggested—that to be an ATDS, equipment must (a) use a random or sequential number generator to store or produce numbers and dial those numbers without human intervention, or (b) that predictive dialers do not meet the statutory ATDS definition, that decision will bind the Court and may require dismissal or summary judgment in Defendants' favor." *Barnes*, 430 F. Supp. 3d at 1313. Such a decision in *Glasser* would bind the Court in *Barnes* because "the calls [to the *Barnes* Plaintiff] were all made to telephone numbers provided by the Plaintiffs on [Defendant's]

7

website rather than from any random or sequential lists generated by [Defendant's] dialer." *Id.* Because the *Barnes* case would be "over" if the Eleventh Circuit found such calls not to be a violation of the TCPA, the Court stayed its case pending *Glasser*. *Id.*

Here, like in *Barnes*, this case could be over and waste the resources of the parties and the Court without a stay. Because this case hinges on the meaning of an ATDS, this Court should stay this case to avoid expenditures investigating issues that may become disposed of in *Facebook*. Accordingly, a stay is warranted in this case to avoid the potentially unnecessary burden on Big Think and the Court.

### 3. A stay of this case is in the public interest

The public interest is also served by a stay. If this case were to proceed and the Supreme Court defines an ATDS in a manner that is dispositive, continuing to litigate this case would result in an unnecessary use of the parties' and judicial resources and would not serve the public at large. *See e.g. Southstar Capital Group I, LLC v. 1662 Multifamily LLC,* No. 6:18-CV-1453-ORL-40DCI, 2019 WL 3752892, at *5 (M.D. Fla. Aug. 8, 2019) (finding a stay appropriate because "a stay would serve the public interest by preserving judicial economy and ensuring the orderly progression of this litigation."); *Lopez v. Miami-Dade County¸*145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015) (staying proceedings because "there is a public interest in judicial economy and efficiency.").

In addition, the issue before the Supreme Court in *Facebook* is an issue of national significance as there is a deep split among the Circuits over the meaning of an ATDS. *Compare Duran*, 2020 WL 1682773; *Marks*, 904 F3d 1041; *Gadelhak*, 950 F.3d 458; *Glasser*, 948 F.3d 1301; and *Dominguez*, 894 F.3d 116. The public is interested in not wasting the parties' and judicial resources taking sides in a deep circuit split that will soon be resolved by the Supreme

8

Court. *See United States v. Taylor*, No. CV 16-02063-PHX-DGC (DMF), 2016 U.S. Dist. LEXIS 154148, at *5 (D. Ariz. Nov. 4, 2016) (finding that public interest weighed in favor of granting stay pending Supreme Court decision that would resolve circuit split, narrow the issues, and promote judicial economy).

Hence, it is in the interest of the public to stay this case pending resolution of the relevant TCPA dispositive issues that are to be addressed by the Supreme Court.

## IV. CONCLUSION

This case should be stayed to conserve the parties' and the Court's resources in the event the Court's decision in *Facebook* disposes of this action in its entirety. Accordingly, Defendant asks that this Court grant the Motion to Stay and for such other and further relief the Court deems just and proper.

Dated:  July 20, 2020

Respectfully submitted,

THOMPSON HINE LLP

By:  /s/Mendy Piekarski
Mendy Piekarski
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Tel. (212) 344-5680
Fax (212) 344-6101
Mendy.Piekarski@thompsonhine.com

*Attorneys for Defendant*
*Big Think Capital, Inc.*