# BELLIN & ASSOCIATES LLC
### ATTORNEYS-AT-LAW
### 50 MAIN STREET, SUITE 1000
### WHITE PLAINS, NEW YORK 10606
### TEL (914) 358-5345
### FAX (212) 571-0284

April 13, 2020

**BY ECF**
Hon. Peggy Kuo, U.S.M.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *Cunningham v. Big Think Capital Inc.*, 2:19 cv 638 (ILG) (PK)

Your Honor:

      I represent the plaintiff, Craig Cunningham ("Mr. Cunningham") in the above-described action against Defendant Big Think Capital Inc. ("Big Think"). I am writing this joint letter with Big Think's counsel pursuant ot this Court's August 4, 2020 order which granted Big Think's motion to stay this case pending the decision of the Supreme Court in *Facebook v. Duguid*. Dkt No. 29. The Supreme Court rendered its decision in *Facebook* on April 1, 2021 and held that to qualify as an automatic telephone dialing system within the meaning of the TCPA, a device must have the capacity either to store a telephone number using a random or sequential number generator or produce a telephone number using a random or sequential number generator. *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1169-73 (2021). Among other things, *Facebook* abrogated that portion of the Second Circuit's decision in *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 284-90 (2d Cir. 2020) that had held that a device that merely stores telephone numbers and has the capacity to dial those stored numbers without human intervention was an ATDS within the meaning of the TCPA.

      In light of the significant change in Second Circuit law wrought by the Supreme Court's decision in *Facebook*, Mr. Cunningham plans to seek leave to amend the Complaint in this case. Specifically, Mr. Cunningham intends to seek leave to add new individual and class claims against Big Think under 47 U.S.C. § 227(c), and the regulations promulgated thereunder, for violations of the TCPA's prohibitions against making two or more advertising calls within a twelve-month period to persons who have registered their telephone numbers on the national do-not-call list. In an effort to avoid having to burden this Court with a motion to amend, Mr. Cunningham asked Big Think to consent to the amendment.

      Big Think refused to consent to Mr. Cunningham's requested amendment claiming that: (1) the facts giving rise to the alleged claim occurred more than two years ago and are not newly discovered and, as a result, the requested amendment is untimely; (2) the claims Mr. Cunningham seeks to assert cannot be proven on a classwide basis; and (3) Mr. Cunningham has

already asserted these claims on an individual basis in both the Southern District of New York and the Eastern District of Texas, at least for calls occurring in and after March 2020.

As a bit of background, Mr. Cunningham filed this case on February 1, 2019 and Big Think was served with the Complaint on February 4, 2019. Dkt. Nos. 1, 5. However, Big Think did not respond to the Complaint, and on July 15, 2019, the Clerk of the Court issued an entry of default against Big Think. Dkt. Nos. 7, 10. On August 15, 2020, Big Think filed a motion to set aside the default, which was granted on September 23, 2019, Big Think filed its answer on October 7, 2019, and this Court held an initial conference on November 14, 2019. Dkt Nos. 13, 16, September 23, 2019 Order. At that conference, the parties agreed that formal discovery would not commence until January 24, 2020 so that the parties could discuss settlement and exchange informal discovery. Dkt. Minute Entry, November 14, 2019.

On March 2, 2020, Big Think requested an extension of time to complete discovery, to which Mr. Cunningham consented, and on March 5, 2020 this Court granted Big Think's motion. Dkt Nos. 21-23. On May 1, 2020, this Court granted the parties an extension of time for discovery concerning Mr. Cunningham's individual claim against Big Think, and for subsequent class discovery if Mr. Cunningham's individual claim survived. However, on June 12, 2020, this Court granted the parties' request for a stay of discovery pending the decision of the Supreme Court in *Barr v. American Association of Political Consultants, Inc.*, which was issued on July 6, 2020. 140 S. Ct. 2335 (2020). As a practical matter, no discovery in this case has taken place since June of 2020.

Following the Supreme Court's decision in *Barr*, on July 20, 2020, Big Think filed a Motion to Stay pending the Supreme Court's decision in *Duguid*. Although Mr. Cunningham refused to consent to that Motion, he ultimately did not file a formal opposition, and a stay was granted on August 4, 2020.

Because Mr. Cunningham intends to seek leave to amend the Complaint soon, the parties respectfully request that this Court continue to stay discovery until that motion is fully briefed and resolved.

Respectfully,

*/s/ Aytan Y. Bellin*
Aytan Y. Bellin, Esq.