UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CRAIG CUNNIGHAM** on behalf of himself and all others similarly situated,

                        Plaintiff,

        -vs.-

**BIG THINK CAPITAL INC.,**

                        Defendant.

Case No. 19 cv 638 (ILG) (PK)

### DECLARATION OF AYTAN Y. BELLIN IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

I, AYTAN Y. BELLIN, declare:

1. I am admitted to practice before this Court, and am the Managing Attorney of Bellin & Associates LLC, Plaintiff Craig Cunningham ("Plaintiff") and the proposed class in the above entitled action I submit this declaration in support of Plaintiff's Motion to Amend the Complaint. I have personal knowledge of the matters set forth in this declaration, and could and would testify competently to their truth and accuracy if called as a witness.

2. Attached hereto as Exhibit A is a copy Plaintiff's Proposed First Amended Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 10, 2021 in White Plains, New York.

                                                  /s/ Aytan Y. Bellin
                                                    Aytan Y. Bellin

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CRAIG CUNNIGHAM** on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-vs.-<br><br>**BIG THINK CAPITAL INC.,**<br><br>Defendant. | **PROPOSED FIRST AMENDED COMPLAINT**<br><br>**19 CV 638**<br><br>**Class Action**<br><br>**Jury Demanded** |

   Comes now Craig Cunningham ("Mr. Cunningham" or "Plaintiff"), on behalf of himself and all others similarly situated, and alleges as follows:

   1. Plaintiff is bringing this class action against Big Think Capital Inc. ("Big Think Capital" or "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder (the "TCPA").

   2. Defendant, intiated or caused to be intiated at least three text calls within a 12 month period to Plaintiff's cell phone (615) 331-7262, which number was on the national do-not-call-registry, for the purpose of encouraging Plaintiff to take out business loans through Defendant, without having received Plaintiff's prior express written consent to such calls. Upon information and belief, Defendant is in the business of providing such loans for profit. These calls violated the TCPA, which prohibits the making of any telephone solicitations to a person, without the person's prior express consent, who has registered his or her telephone number on the national do-not-call registry. For the February 1, 2015 through the present, Defendant has made at least two telephone solicitation calls with messages identical or substantially similar to the messages Defendant delivered to Plaintiff's cell phone, within a 12-month period to each of thousands of persons in the United States who registered their telephone numbers on the national

1

do not call registry without the persons' prior express written consent. Accordingly, Plaintiff is bringing this class action.

## PARTIES

3. Plaintiff is a citizen and resident of Texas.

4. Upon information and belief, Defendant is a New York corporation with its principal place of business in Melville, New York.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1391(b)(1) because this is the judicial district in which Defendant resides.

6. Venue is this judicial district is proper under 28 U.S.C. § 1391(b)(1) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## STATUTORY BACKGROUND

### The TCPA

7. The TCPA generally prohibits a person from making more than one telephone-solicitation call within a 12-month period to a number listed on the do-not-call registry provided by the Federal Communications Commission. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)-(e).

8. The term "telephone solicitation means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person. . . ." 47 C.F.R. §, 64.1200(f)(14).

9. A person who has his or her telephone number on the FCC's do-not-call list, and receives more than one telephone-solicitation within any 12-month period on behalf of the same

entity, may bring a cause of action for actual damages or up to $500 for each such violation, whichever is greater, and/or for an injunction. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). If the court finds that the defendant willfully or knowingly engaged in such a violation, the court may, provide up to triple damages to the called party. 47 U.S.C. § 227(c)(5)

**Defendant's Illegal Conduct**

10. Upon information and belief, on December 14, 2020, Defendant, without Plaintiff's prior express written consent, called Plaintiff's cell phone number (615) 331-7262 and left a text message, a copy of which is contained in Exhibit A, attached hereto, and incorporated herein by reference.

11. Upon information and belief, on December 21, 2020, Defendant, without Plaintiff's prior express written consent, called Plaintiff's cell phone number (615) 331-7262 and left a text message, a copy of which is contained in Exhibit A, attached hereto, and incorporated herein by reference.

12. Upon information and belief, on January 10, 2021, Defendant, without Plaintiff's prior express written consent, called Plaintiff's cell phone number (615) 331-7262 and left a text message, a copy of which is contained in Exhibit B, attached hereto, and incorporated herein by reference.

13. Plaintiff's cell phone numbers (615) 331-7262 was registered on the national do not call registry from long before December 14, 2020, remained registered on the national do not call registry during the entire period covered by the instant First Amended Complaint, and remains registered on the national do not call registry to this day.

14. Plaintiff uses his cell phone number to make personal calls to friends and family, for navigation, and to send personal text messages, and did not use it primarily for any business

purpose.

16. Plaintiff never provided Defendant with prior express written consent to Defendant to initiate any telephone solicitations to Plaintiff

16. Plaintiff suffered concrete harm as a result of the above telephone calls in that the telephone calls tied up Plaintiff's telephone line, invaded Plaintiff's privacy, disturbed Plaintiff's solitude, caused Plaintiff annoyance, used up Plaintiff's cell phone battery and wasted Plaintiff's time.

17. Upon information and belief, from February 1, 2015 through the present, Defendant has made at least two telephone solicitation calls within a 12-month period by voice or using text that contained messages identical or substantially similar to the messages Defendant delivered to Plaintiff's cell phone, to each of thousands of persons in the United States who had registered their telephone numbers on the national do not call registry, without the persons' prior express written consent.

## CLASS ALLEGATIONS

18. Plaintiff brings this class action on behalf of himself and all others similarly situated, under Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure, for Defendant's violations of the TCPA.

19. Plaintiff seek to represent a class of individuals ("the Class") defined as follows:

All persons in the United States, from February 1, 2015 through the date of the filing of the instant First Amended Complaint to whom Defendant initiated or caused to be initiated two or more calls within a 12 month period — without having received prior express written consent from the called parties who had previously registered their telephone numbers on the national do-not-call registry maintained by the FCC — that delivered voice or text messages that were

identical or substantially similar to the above-described messages Defendant delivered to Plaintiff's cell phone.

20. <u>Numerosity</u>: The Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the Class members through this the class action will benefit both the parties and this Court.

21. Upon information and belief, the Class contains, at a minimum, thousands of members.

22. Upon information and belief, the Class' size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's call records.

23. Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in the class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

24. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.

25. Defendant initiated or caused to be initiated two or more calls within a 12-month period — without having received prior express written consent from the called parties who had previously registered their telephone numbers on the national do-not-call registry maintained by the FCC — that delivered voice or text messages that were identical or substantially similar to the above-described messages Defendant delivered to Plaintiff's cell phone.

26. <u>Common Questions of Fact and Law</u>: There is a well-defined community of

common questions of fact and law affecting the Plaintiff and members of the Class.

27. The questions of fact and law common to Plaintiff and the Class predominate over questions which may affect individual members and include the following:

(a) Whether Defendant's conduct of initiating or causing to be initiated two or more calls within a 12-month period — without having received prior express written consent from the called parties who had previously registered their telephone numbers on the national do-not-call registry maintained by the FCC — that delivered voice or text messages that were identical or substantially similar to the above-described text messages Defendant delivered to Plaintiff's cell phone, violated the TCPA?

(b) Whether Plaintiff and the members of the Class are entitled to statutory damages from Defendant under the TCPA?

(c) Whether Defendant's violations of the TCPA were willful or knowing?

(d) Whether Plaintiff and the members of the Class are entitled to up to triple statutory damages under the TCPA from Defendant for Defendant's willful and knowing violations of the TCPA?

(e) Whether Plaintiff and the members of the Class are entitled to a permanent injunction under the TCPA enjoining Defendant from continuing to engage in its unlawful conduct?

28. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel who is competent and experienced in litigation in the federal courts, class action litigation and TCPA litigation.

29. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

30. <u>Injunctive Relief</u>: Defendant has acted on grounds generally applicable to Plaintiff and members of the Class, thereby making appropriate final injunctive relief with respect to Plaintiff and the members of the Class.

## AS AND FOR A FIRST CAUSE OF ACTION

31. Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

32. By Defendant's above-described conduct, Defendant committed thousands of violations of the TCPA against Plaintiff and the members of the Class.

33. Accordingly, Plaintiff and the members of the Class are entitled to statutory

damages from Defendant under 47 U.S.C. § 227(c)(5) of greater than $5,000,000 and an injunction against Defendant ordering it to cease its violations of the TCPA.

34. If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of the Class request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to greater than $15,000,000, as authorized by 47 U.S.C. § 227(c)(5) for willful or knowing violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A. An order certifying the Class and appointing Plaintiff as the representative of the Class and appointing the law firm representing Plaintiff as counsel for the Class;

B. An award to Plaintiff and the members of the Class of more than $5,000,000 against Defendant for its violations of the TCPA;

C. If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of the Class request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to more than $15,000,000, as authorized by 47 U.S.C. § 227(c)(5) for willful or knowing violations;

D. An injunction against Defendant, on behalf of Plaintiff and the members of the Class, prohibiting Defendant from violating the TCPA; and

E. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: White Plains, New York
       May 10, 2019

                              Respectfully submitted,

        s/Aytan Y. Bellin
        Aytan Y. Bellin
        **BELLIN & ASSOCIATES LLC**
        50 Main Street, Suite 1000
        White Plains, New York 10606
        Phone: (914) 358-5345
        Fax: (212) 571-0284
        aytan.bellin@bellinlaw.com

        *Attorneys for the Plaintiff and the proposed Class*

# EXHIBIT A



# EXHIBIT B

