UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CRAIG CUNNIGHAM** on behalf of himself and all others similarly situated,

                      Plaintiff,

    -vs.-

**BIG THINK CAPITAL INC.**,

                      Defendant.

Case No. 19 cv 638 (ILG) (PK)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINITFF'S MOTION TO AMEND THE COMPLAINT**

BELLIN & ASSOCIATES LLC
By: Aytan Y. Bellin, Esq.
85 Miles Avenue
White Plains, New York 10606
Tel: (914) 358-5345
Fax: (212) 571-0284
E-mail: aytan.bellin@bellinlaw.com

*Attorneys for Plaintiff and the Proposed Classes*

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

STATEMENT OF FACTS ......................................................................................................1

POINT

    MR. CUNNINGHAM'S MOTION TO AMEND THE DEFENDANT SHOULD
    BE GRANTED……………………..……………………………………………...5

CONCLUSION.......................................................................................................................8

**INTRODUCTION**

Plaintiff Craig Cunningham ("Mr. Cunningham" or "Plaintiff") submits this memorandum of law in support of his motion for permission to file an amended complaint that substitutes a claim under 47 U.S.C. § 227(c)(5) against defendant Big Think Capital ("Big Think") for the current claim 47 U.S.C. § 227(b). This amendment is necessary because the Supreme Court's April 1, 2021 decision in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021) fundamentally altered the law in this circuit such that his Mr. Cunningham's original claim again Big Think under § 227(b) is likely no longer viable. However, by amending the complaint to include additional instances in which Big Think sent a telephone solicitation by text to Mr. Cunningham, Mr. Cunningham can make a viable claim under § 227(c)(5) against Big Think. Because (i) motions to amend a complaint should be freely granted; (ii) Mr. Cunningham is moving to amend the Complaint a little over one month after the Supreme Court decided *Facebook*; and (iii) and Big Think will not suffer any prejudice, let alone undue prejudice, if this Court permits this amendment, this Court should grant Mr. Cunningham's motion.

**STATEMENT OF FACTS**

Mr. Cunningham filed the class action complaint ("Complaint") in this case on February 1, 2019 and Big Think was served with the Complaint on February 4, 2019. Dkt. Nos. 1, 5. The Complaint alleges, among other things, that on January 28, 2019, Big Think, without Mr. Cunningham's prior express consent, used an automatic telephone dialing system, within the meaning of the TCPA, to make, initiate and/or caused to be initiated a telephone call to Plaintiff's cellular telephone number, which was and remains 615-348-1977, to deliver a text messages, a copy of which was attached to the Complaint as Exhibit A. Dkt. No. 1 at 3-4, ¶¶ 13-14 & Ex. A. The text message stated: "Do you need money? What a coincidence. We have

money. Get your business funded with one simple click: http://bit.ly/BigThinkApply -- Big Think Capital." Dkt. No. 1 at 4, ¶ 14, Ex. A.

The Complaint alleged that Big Think's above-described actions violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2) which prohibit a person from initiating or causing to be initiated any telephone call that includes or introduces an advertisement or constitutes telemarketing, using any automatic telephone dialing system ("ATDS") to any telephone number assigned to a cellular telephone service without the prior express written consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. §§ 64.1200(a)(2). Dkt. No. 1 at 2, 7-8, ¶¶ 8, 30-33. At the time Mr. Cunningham filed the Complaint, the Ninth Circuit had held that a device that merely dialed telephone numbers from a stored list — and did not utilize a random or sequential number generator to generate those telephone numbers — was an ATDS within the meaning of the TCPA. *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1051-53 (9th Cir. 2018). Although the Third Circuit had ruled that *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 119 (3rd Cir. 2018) that a device must utilize a random or sequential number generator to be an ATDS within the meaning of the TCPA, the Second Circuit, on April 7, 2020, agreed with *Marks*. *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 284-87 (2d Cir. 2020).

Big Think did not respond to the Complaint, and on July 15, 2019, the Clerk of the Court issued an entry of default against Big Think. Dkt. Nos. 7, 10. On August 15, 2020, Big Think filed a motion to set aside the default, which was granted on September 23, 2019. Dkt. No. 13, Docket Entry on September 23, 2019. Big Think filed its answer on October 7, 2019, and this Court held an initial conference on November 14, 2019. Dkt Nos. 13, 16, September 23, 2019 Order. At that conference, the parties agreed that (i) formal discovery would not commence until January 24, 2020 so that the parties could discuss settlement and exchange informal discovery;

and (ii) that discovery would be bifurcated with discovery on Mr. Cunningham's individual claims to take place first, and class discovery to only begin if the Court were to deny Big Think's anticipated summary judgment motion on those individual claims. Dkt. Minute Entry, November 14, 2019. The Court set March 5, 2020 as the deadline for fact discovery on Mr. Cunningham's individual claims. *Id.*

On March 2, 2020, Big Think requested an extension of time to complete discovery, to which Mr. Cunningham consented, and on March 5, 2020 this Court granted Big Think's motion by extending fact discovery on Mr. Cunningham's individual claims against Big Think to May 5, 2020, and until 180 days after a ruling on a motion for summary judgment on Mr. Cunningham's individual claims for fact discovery on Mr. Cunningham's class claims. Dkt Nos. 21, 22, 23 at 2. On May 1, 2020, this Court granted the parties an extension until August 10, 2020 for fact discovery concerning Mr. Cunningham's individual claims against Big Think, and until 180 days after a ruling on a motion for summary judgment on Mr. Cunningham's individual claims for fact discovery on Mr. Cunningham's class claims. Dkt No. 25 at 2. Significantly, the Court set August 3, 2020 as the date by which the parties had to file motions to amend the pleadings during the individual phase of discovery, and 90 days after a ruling on a motion for summary judgment on Mr. Cunningham's individual claims for a motion to amend pleading during the class phase of discovery. *Id.* However, on June 12, 2020, this Court granted the parties' request for a stay of discovery pending the decision of the Supreme Court in *Barr v. American Association of Political Consultants, Inc.*, which was issued on July 6, 2020. 140 S. Ct. 2335 (2020). Docket Entry June 12, 2020.

On July 20, 2020, Big Think filed a Motion to Stay pending the Supreme Court's decision in *Facebook*. Dkt. Nos. 28-29. Although Mr. Cunningham refused to consent to that

Motion, he ultimately did not file a formal opposition, and this Court granted the stay on August 4, 2020. Docket Entry on August 4, 2020. The Supreme Court rendered its decision in *Facebook* on April 1, 2021 and held, contrary to *La Boom* and *Marks*, that to qualify as an automatic telephone dialing system within the meaning of the TCPA, a device must have the capacity either to store a telephone number using a random or sequential number generator or produce a telephone number using a random or sequential number generator. *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1169-73 (2021). On April 19, 2021, this Court set the briefing schedule for the instant motion to amend the Complaint.

As a practical matter, no discovery in this case has taken place since June of 2020. Nevertheless, because Mr. Cunningham believes that it is likely that the device that Big Think used to send its January 28, 2019 to Mr. Cunningham did not have the capacity to generate random or sequential telephone numbers, Mr. Cunningham proposes to amend the Complaint to make individual and class claims under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

The Proposed First Amended Complaint Amended ("PFAC") alleges facts that demonstrate that (i) Mr. Cunningham's cell phone number identified in the PFAC is on the national do-not-call registry; and (ii) Big Think initiated at least 3 text calls within a 12-month period to Plaintiff's cell phone that were telephone solicitations without Mr. Cunningham's prior express written consent. PFAC at 1-4 , ¶¶ 2, 10-15, & Exs. A-B (attached as Exhibit A to the Declaration of Aytan Y. Bellin in Support of Plaintiff's Motion to Amend the Complaint ("Bellin Decl.")). Accordingly, the Amended Complaint states a claim under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

4

POINT

**MR. CUNNINGHAM'S MOTION TO AMEND THE COMPLAINT SHOULD BE GRANTED**

The standard for a motion to amend a complaint is well settled. Rule 15 of the Federal Rules of Civil Procedure provides that courts should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962); *Aetna Casualty & Surety Co. v. Aniero Concrete Co.,* 404 F.3d 566, 603–04 (2d Cir. 2005). The Second Circuit has stated that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.,* 659 F.3d 208, 212–13 (2d Cir. 2011) (internal quotation marks omitted); *HANY Management Inc. v. County of Nassau,* 843 F.Supp.2d 287, 340 (E.D.N.Y. 2012) ("Amendments are generally favored because they tend to facilitate a proper decision on the merits." [internal quotation marks omitted]). Motions to amend should therefore be denied only for reasons of undue delay, bad faith or dilatory motive, undue prejudice to the non-moving party, or futility. *See Burch v. Pioneer Credit Recovery, Inc.,* 551 F.3d 122,126 (2d Cir. 2008) (citing *Foman,* 371 U.S. at 182); *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir. 2007). The court has broad discretion over such motions. *See McCarthy,* 482 F.3d at 200.

Under these standards, Mr. Cunningham's motion to amend should be granted. Mr. Cunningham has not unduly delayed in making this motion as this case is only in its infancy. As discussed above, formal discovery on Mr. Cunningham's individual claims began on January 24, 2020. Only a little more than a month later, on March 2, 2020, Big Think requested an extension of that discovery, which this Court granted until May 5, 2020 for fact discovery concerning Mr. Cunningham's individual claim against Big Think, and until 180 days after a ruling on a motion for summary judgment on Mr. Cunningham's individual claims for fact discovery on Mr.

Cunningham's class claims.

On May 1, 2020, this Court granted the parties an extension until August 10, 2020 for fact discovery concerning Mr. Cunningham's individual claims against Big Think, and until 180 days after a ruling on a motion for summary judgment on Mr. Cunningham's individual claims for fact discovery on Mr. Cunningham's class claims. Dkt No. 25 at 2. Significantly, this Court set August 3, 2020 as the date by which the parties had to file motions to amend the pleadings during the individual phase of discovery, and 90 days after a ruling on a motion for summary judgment on Mr. Cunningham's individual claims for a motion to amend pleading during the class phase of discovery. *Id.*

On June 12, 2020, almost ***two months*** before the deadline for the parties to move to amend the pleadings during the individual phase, this Court granted the parties' request for a stay of discovery pending the decision of the Supreme Court in *Barr v. American Association of Political Consultants, Inc.*, which was issued on July 6, 2020. Then, on July 20, 2020, Big Think filed a Motion to Stay pending the Supreme Court's decision in *Facebook*, which this Court granted and which has remained in effect until the present.

As is apparent, given the stays entered by the Court, and the fact that even after the June 12, 2020 stay ordered by the Court during the pendency of the *Barr* case before the Supreme Court, there were almost ***two months*** still remaining before this Court's deadline for filing a motion to amend the Complaint, Mr. Cunningham has not unduly delayed making this motion. Moreover, given how recently the new claims in the PFAC occurred — December 14, 2020, December 21, 2020 and January 10, 2021, Defendant cannot show any prejudice from the addition of these claims against it. Moreover, because Plaintiff filed the original Complaint in this case on February 1, 2019, and the class period therefore extended back to February 1, 2015,

Defendant cannot show any prejudice from having to defend a class period from February 1, 2015 through the date of the filing of the PFAC.

Furthermore, given the sea change in the case law wrought by the Supreme Court's April 1. 2021 decision in *Facebook* concerning the definition of an ATDS, Plaintiff has every reason to amend the Complaint to allege claims under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

Because the PFAC alleges all of the necessary elements for a claim under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2), those claims have merit and amendment of the Complaint is clearly not futile.

In sum, Plaintiff has more than satisfied the liberal standards for amending complaints under Fed. R. Civ. P. Rules 15. Accordingly, Plaintiff's motion to amend the Complaint should be granted and Plaintiff should be permitted to file the PFAC as the First Amended Complaint.

## **CONCLUSION**

Plaintiff's Motion to amend the Complaint should be granted and Plaintiff should be permitted to file the PFAC as the First Amended Complaint.

Dated: White Plains, New York
     May 10, 2021

          Respectfully submitted,

          BELLIN & ASSOCIATES LLC

          By: /s/Aytan Y. Bellin
          Aytan Y. Bellin, Esq.
          Bellin & Associates LLC
          50 Main Street, Suite 1000
          White Plains, NY 10606
          Tel: (914) 358-5345
          Fax: (212) 571-0284
          Email: aytan.bellin@bellinlaw.com

*Attorneys for Plaintiff and the Proposed Class*