# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRAIG CUNNINGHAM on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>BIG THINK CAPITAL INC.,<br><br><br>    Defendant. | Case No. 2:19-cv-00638-ILG-PK<br><br><br>**FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF CRAIG CUNNINGHAM** |

   Pursuant to Federal Rules of Civil Procedure 36, Defendant Big Think Capital Inc. requests

that Plaintiff Craig Cunningham answer the following Requests for Admission within thirty (30)

days after the date of service.


Dated: March 6, 2020

        /s/Mendy Piekarski
        Mendy Piekarski
        THOMPSON HINE LLP
        335 Madison Avenue, 12th Floor
        New York, New York 10017-4611
        Telephone: (212) 344-5680
        Facsimile: (212) 344-6101
        Mendy.Piekarski@ThompsonHine.com

        *Counsel for Defendant Big Think Capital Inc.*

## DEFINITIONS

1.     "Big Think" shall mean and refer to Defendant Big Think Capital Inc., including its officers, employees, agents, and anyone acting or purporting to act on its behalf for any purpose whatsoever.

2.     "You," "your," "Plaintiff," or "Cunningham" shall mean and refer to Plaintiff Craig Cunningham, and Cunningham's affiliates, employees, agents, and/or all persons working, acting or purporting to act on Cunningham's behalf for any purpose whatsoever.

3.     "Phone Number" shall mean and refer to 615-348-1977.

4.     "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, its implementing regulations, and the relevant guidance from the Federal Communications Commission.

5.     "Lawsuit" shall mean and refer to the case pending in the United States District Court for the Eastern District of Ohio captioned *Cunningham v. Big Think Capital Inc.*, Case No. 2:19-cv-00638-ILG-PK.

6.     "Complaint" shall mean the Complaint filed in the Lawsuit.

7.     "Discovery Requests" shall mean and refer to the First Sets of Interrogatories, Requests for Production of Documents, and Requests for Admission served upon Cunningham by Big Think.

8.     The term "document" shall mean each and every form of data in your possession, custody, or control, however and by whomever prepared, produced, reproduced, disseminated, or made, in any form wherever located, whether a copy, draft, original, or Electronically Stored Information ("ESI", as defined below), including, but not limited to the following: letters, minutes, correspondence, notes or summaries of conversations, memoranda, agreements, desk calendars,

2

appointment books, diaries, books, manuals, bulletins, circulars, catalogs, charts, electronic mail, text messages, social media, reports, studies, evaluations, analyses, graphs, notices, notes, notebooks, journals, statistical records, maps, laboratory results, sketches, data sheets, data compilations, computer data sheets, photographs, video or digital image recordings, audio recordings, microfilm, microfiche, and any other written, printed, typed, recorded, or graphic matter from which information can be obtained or can be translated through detection devices in a reasonably useful form.

9.      "Electronically Stored Information" or "ESI" includes without limitation electronic or magnetic data stored in network or other servers, in computer hard drives, in fixed or portable mass storage devices, in thumb drives, flash drives, USB drives, or on compact disks, SD cards, DVDs, tapes, or comparable devices.  ESI also includes without limitation web- or internet-based data storage.

10.      "Communication" means each and every disclosure, transfer or exchange of information (in the form of facts, ideas, or otherwise), whether oral or in writing, and whether in person, by telephone, by mail or otherwise, including, but not limited to, meetings, discussions, statements, negotiations, presentations, inquiries, requests, notices, responses, demands or complaints.

11.      "Person" includes natural persons, corporations, firms, companies, partnerships, joint ventures, associations, governmental or public agencies, departments and any other public, private or legal entity.

12.      The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make a request inclusive rather than exclusive.

13.     The words "any" and "all" shall be considered to include "each" and "each and every."

14.     The singular of any word shall include the plural, and the plural of any word shall include the singular. The use of masculine pronouns shall include the feminine and the neuter.

15.     More than one of these Discovery Requests may ask for the same information. The presence of such duplication is not to be considered as narrowing or limiting the normal interpretation placed upon each individual request. Where a document is requested by more than one numbered paragraph of this request, only one copy of the document need be produced, unless the copies are different because of markings, deletions, notations or marginal notes.

16.     In answering these Discovery Requests, you must disclose information which is in your possession, custody or control or within the possession, custody or control of your attorneys, agents, experts, investigators, or other representatives of you or your legal counsel. If you are able to answer part but not all of an Discovery Request (e.g. because you lack sufficient information or you object to a part of the Discovery Request), you must nevertheless answer the Discovery Request to the maximum extent possible. If you are unable to answer any part of an Discovery Request because you lack sufficient information, you must describe what information you cannot provide and state what efforts you have made to obtain the unknown information. Furthermore, if any part of your answer is based on information or belief, you must identify the source of your information or the basis for your belief.

17.     If you refuse to answer a Discovery Request or subpart on the grounds of privilege or work product, describe the basis of the claim fully and in detail so that counsel for Big Think may make an informed judgment about whether to move to compel the answer. If the objection is asserted with respect to a Discovery Request seeking the identification of a

communication, then set forth the date of the communication, identify all persons, including attorneys, involved in the communication and describe the subject matter of the communication. If the objection is asserted with respect to a Document Request seeking the identification of a document, then follow the procedures set forth in the preceding paragraph.

18.     These Discovery Requests are continuing and you must provide information or produce for inspection and copying any documents requested which are presently nonexistent or unavailable, but which come into existence or become available to it at any time prior to or during the trial of this Lawsuit.

19.     If you do not clearly understand, or have any questions about, the definitions, instructions, or any Discovery Request, please contact counsel for Big Think promptly for clarification.

# REQUESTS FOR ADMISSION

1.      On January 28, 2019, Big Think did not call the Phone Number.

<u>Response</u>:


2.      On January 28, 2019, Big Think had consent to call the Phone Number.

<u>Response</u>:


3.      On January 28, 2019, Big Think had prior express written consent to call the Phone Number.

<u>Response</u>:


4.      On January 28, 2019, Big Think had consent to send text messages to the Phone Number.

<u>Response</u>:


5.      On January 28, 2019, Big Think had prior express written consent to call the Phone Number.

<u>Response</u>:


6.      You submitted an online application to Big Think.

<u>Response</u>:


7.      You provided your contact information to Big Think.

<u>Response</u>:

8.    On March 20, 2018, you submitted an online application to Big Think.

Response:


9.    Cunningham consented to Big Think calling the Phone Number.

Response:


10.    An employee of Granite Enterprises, LLC other than you had authority to consent to Big Think calling the Phone Number.

Response:


11.    Prior to filing the Lawsuit, you never informed Big Think that it did not have consent to call the Phone Number.

Response:


12.    You suffered no financial harm as a result of any call from Big Think.

Response:


13.    Other than statutory damages, you suffered no damage as a result of any call from Big Think.

Response:


14.    You have no evidence that Big Think called the Phone Number using an Automated Telephone Dialing System.

Response:

15.     You have no evidence that Big Think's calls to the Phone Number tied up the phone line associated with the Phone Number.

<u>Response</u>:


16.     You have no evidence that Big Think's calls to the Phone Number invaded your privacy.

<u>Response</u>:


17.     You have no evidence that Big Think's calls to the Phone Number disturbed your solitude.

<u>Response</u>:


18.     You have no evidence that Big Think's calls to the Phone Number "used up [your] cell phone battery."

<u>Response</u>:


Dated: March 6, 2020

/s/Mendy Piekarski
Mendy Piekarski
THOMPSON HINE LLP
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Telephone: (212) 344-5680
Facsimile: (212) 344-6101
Mendy.Piekarski@ThompsonHine.com

*Counsel for Defendant Big Think Capital Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CRAIG CUNNINGHAM on behalf of himself
and all others similarly situated,

Case No. 2:19-cv-00638-ILG-PK

Plaintiff,

vs.

BIG THINK CAPITAL INC.,

Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2020, I served a copy of the First Set of Requests for

Admission to Plaintiff Craig Cunningham by email and first class mail enclosed in a security

sealed postage-paid envelope addressed to the following at the last known address as follows:

Aytan Y. Bellin
BELLIN & ASSOCIATES LLC
50 Main Street, Suite 1000
White Plains, New York 10606
aytan.bellin@bellinlaw.com

*Attorneys for Plaintiff*

_____
Dwayne Lunde

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CRAIG CUNNINGHAM on behalf of himself
and all others similarly situated,

Plaintiff,

vs.

BIG THINK CAPITAL INC.,

Defendant.

Case No. 2:19-cv-00638-ILG-PK

**FIRST SET OF REQUESTS FOR
PRODUCTION TO PLAINTIFF
CRAIG CUNNINGHAM**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Big Think Capital Inc.
requests that Plaintiff Craig Cunningham produce for inspection and copying the documents
requested below at the offices of Thompson Hine LLP, 335 Madison Avenue, 12th Floor, New
York, New York 10017 no later than thirty (30) days after the date of service.

Dated: March 6, 2020

/s/Mendy Piekarski
Mendy Piekarski
THOMPSON HINE LLP
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Telephone: (212) 344-5680
Facsimile: (212) 344-6101
Mendy.Piekarski@ThompsonHine.com

*Counsel for Defendant Big Think Capital Inc.*

# DEFINITIONS

1.     "Big Think" shall mean and refer to Defendant Big Think Capital Inc., including its officers, employees, agents, and anyone acting or purporting to act on its behalf for any purpose whatsoever.

2.     "You," "your," "Plaintiff," or "Cunningham" shall mean and refer to Plaintiff Craig Cunningham, and Cunningham's affiliates, employees, agents, and/or all persons working, acting or purporting to act on Cunningham's behalf for any purpose whatsoever.

3.     "Phone Number" shall mean and refer to 615-348-1977.

4.     "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, its implementing regulations, and the relevant guidance from the Federal Communications Commission.

5.     "Lawsuit" shall mean and refer to the case pending in the United States District Court for the Eastern District of Ohio captioned *Cunningham v. Big Think Capital Inc.*, Case No. 2:19-cv-00638-ILG-PK.

6.     "Complaint" shall mean the Complaint filed in the Lawsuit.

7.     "Discovery Requests" shall mean and refer to the First Sets of Interrogatories, Requests for Production of Documents, and Requests for Admission served upon Cunningham by Big Think.

8.     The term "document" shall mean each and every form of data in your possession, custody, or control, however and by whomever prepared, produced, reproduced, disseminated, or made, in any form wherever located, whether a copy, draft, original, or Electronically Stored Information ("ESI", as defined below), including, but not limited to the following: letters, minutes, correspondence, notes or summaries of conversations, memoranda, agreements, desk calendars,

2

appointment books, diaries, books, manuals, bulletins, circulars, catalogs, charts, electronic mail, text messages, social media, reports, studies, evaluations, analyses, graphs, notices, notes, notebooks, journals, statistical records, maps, laboratory results, sketches, data sheets, data compilations, computer data sheets, photographs, video or digital image recordings, audio recordings, microfilm, microfiche, and any other written, printed, typed, recorded, or graphic matter from which information can be obtained or can be translated through detection devices in a reasonably useful form.

9.      "Electronically Stored Information" or "ESI" includes without limitation electronic or magnetic data stored in network or other servers, in computer hard drives, in fixed or portable mass storage devices, in thumb drives, flash drives, USB drives, or on compact disks, SD cards, DVDs, tapes, or comparable devices.  ESI also includes without limitation web- or internet-based data storage.

10.     "Communication" means each and every disclosure, transfer or exchange of information (in the form of facts, ideas, or otherwise), whether oral or in writing, and whether in person, by telephone, by mail or otherwise, including, but not limited to, meetings, discussions, statements, negotiations, presentations, inquiries, requests, notices, responses, demands or complaints.

11.     "Person" includes natural persons, corporations, firms, companies, partnerships, joint ventures, associations, governmental or public agencies, departments and any other public, private or legal entity.

12.     The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make a request inclusive rather than exclusive.

13.    The words "any" and "all" shall be considered to include "each" and "each and every."

14.    The singular of any word shall include the plural, and the plural of any word shall include the singular. The use of masculine pronouns shall include the feminine and the neuter.

15.    More than one of these Discovery Requests may ask for the same information. The presence of such duplication is not to be considered as narrowing or limiting the normal interpretation placed upon each individual request. Where a document is requested by more than one numbered paragraph of this request, only one copy of the document need be produced, unless the copies are different because of markings, deletions, notations or marginal notes.

16.    In answering these Discovery Requests, you must disclose information which is in your possession, custody or control or within the possession, custody or control of your attorneys, agents, experts, investigators, or other representatives of you or your legal counsel. If you are able to answer part but not all of an Discovery Request (e.g. because you lack sufficient information or you object to a part of the Discovery Request), you must nevertheless answer the Discovery Request to the maximum extent possible. If you are unable to answer any part of an Discovery Request because you lack sufficient information, you must describe what information you cannot provide and state what efforts you have made to obtain the unknown information. Furthermore, if any part of your answer is based on information or belief, you must identify the source of your information or the basis for your belief.

17.    If you refuse to answer a Discovery Request or subpart on the grounds of privilege or work product, describe the basis of the claim fully and in detail so that counsel for Big Think may make an informed judgment about whether to move to compel the answer. If the objection is asserted with respect to a Discovery Request seeking the identification of a

communication, then set forth the date of the communication, identify all persons, including attorneys, involved in the communication and describe the subject matter of the communication. If the objection is asserted with respect to a Document Request seeking the identification of a document, then follow the procedures set forth in the preceding paragraph.

18.    These Discovery Requests are continuing and you must provide information or produce for inspection and copying any documents requested which are presently nonexistent or unavailable, but which come into existence or become available to it at any time prior to or during the trial of this Lawsuit.

19.    If you do not clearly understand, or have any questions about, the definitions, instructions, or any Discovery Request, please contact counsel for Big Think promptly for clarification.

## DOCUMENT REQUESTS

1.      All documents you relied upon, viewed, or identified in responding to the Discovery Requests.

Response:

2.      All documents you contend support your claims in the Lawsuit.

Response:

3.      The account statements, call logs, billing records, and subscriber contracts for the Phone Number from January 1, 2018 to the present.

Response:

4.      All documents identifying the owner(s) of the Phone Number from January 1, 2018 to the present.

Response:

5.      All documents showing you were an authorized user of the Phone Number from January 1, 2018 to the present.

Response:

6.      All documents showing the user(s) of the Phone Number from January 1, 2018 to the present.

Response:

7.      All voicemails left by Big Think on any telephone associated with the Phone Number.

Response:

     8.     All recordings of any telephone calls Big Think allegedly made to the Phone Number.

Response:

     9.     All text messages Big Think allegedly sent to the Phone Number.

Response:

     10.     All documents (including, but not limited to, call logs, text messages, letters, and the like) showing or referring to any phone call which you contend was made by Big Think to the Phone Number from January 1, 2018 to the present.

Response:

     11.     All documents supporting your contention that Big Think called you without your consent.

Response:

     12.     All documents supporting your contention that Big Think called you without your consent.

Response:

     13.     All documents supporting your contention that Big Think negligently, willfully, and or knowingly violated the Telephone Consumer Protection Act.

Response:

14.     All communications between you and Big Think regarding phone calls allegedly placed by Big Think to the Phone Number.

Response:


15.     All communications between you and any person which had as a topic Big Think or the subject matter of the Lawsuit.

Response:


16.     Other than the Complaint in the Lawsuit, the Complaint for each court action to which you have been a party

Response:


17.     All documents or other tangible things you intend to use as exhibits at any proceeding or trial in this action.

Response:


18.     All documents provided to any expert whom you intend to call as a witness at the trial in this case.

Response:


19.     All reports, including drafts, of whatever nature, authored by each expert whom you intend to call as a witness at the trial in this case.

Response:


20.     The resume and/or curriculum vitae of each expert whom you intend to call as a witness at the trial in this case.

Response:

21.     All documents constituting or pertaining to any communications between you (or your counsel) and any expert you intend to call as a witness at the trial in this case.

Response:

22.     All documents reflecting how Big Think obtained the Phone Number.

Response:

23.     All documents pertaining to your understanding of how Big Think obtained the Phone Number.

Response:

24.     Your tax returns from 2015 to the present.

Response:

Dated: March 6, 2020

/s/Mendy Piekarski
Mendy Piekarski
THOMPSON HINE LLP
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Telephone: (212) 344-5680
Facsimile: (212) 344-6101
Mendy.Piekarski@ThompsonHine.com

*Counsel for Defendant Big Think Capital Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CRAIG CUNNINGHAM on behalf of himself
and all others similarly situated,

          Plaintiff,

    vs.

BIG THINK CAPITAL INC.,

          Defendant.

Case No. 2:19-cv-00638-ILG-PK

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2020, I served a copy of the Request for Production to

Plaintiff Craig Cunningham by email and first class mail enclosed in a security sealed postage-

paid envelope addressed to the following at the last known address as follows:

Aytan Y. Bellin
BELLIN & ASSOCIATES LLC
50 Main Street, Suite 1000
White Plains, New York 10606
aytan.bellin@bellinlaw.com

*Attorneys for Plaintiff*

Dwayne Lunde
_____
Dwayne Lunde

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRAIG CUNNINGHAM on behalf of himself and all others similarly situated, | Case No. 2:19-cv-00638-ILG-PK |
| Plaintiff, | |
| vs. | **FIRST SET OF INTERROGATORIES TO PLAINTIFF CRAIG CUNNINGHAM** |
| BIG THINK CAPITAL INC., | |
| Defendant. | |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Big Think Capital Inc. requests that Plaintiff Craig Cunningham, answer fully, in writing and under oath, the following interrogatories within thirty (30) days of service.

Dated: March 6, 2020

/s/Mendy Piekarski
Mendy Piekarski
THOMPSON HINE LLP
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
Telephone: (212) 344-5680
Facsimile: (212) 344-6101
Mendy.Piekarski@ThompsonHine.com

*Counsel for Defendant Big Think Capital Inc.*

## DEFINITIONS

1.    "Big Think" shall mean and refer to Defendant Big Think Capital Inc., including its officers, employees, agents, and anyone acting or purporting to act on its behalf for any purpose whatsoever.

2.    "You," "your," "Plaintiff," or "Cunningham" shall mean and refer to Plaintiff Craig Cunningham, and Cunningham's affiliates, employees, agents, and/or all persons working, acting or purporting to act on Cunningham's behalf for any purpose whatsoever.

3.    "Phone Number" shall mean and refer to 615-348-1977.

4.    "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, its implementing regulations, and the relevant guidance from the Federal Communications Commission.

5.    "Lawsuit" shall mean and refer to the case pending in the United States District Court for the Eastern District of Ohio captioned *Cunningham v. Big Think Capital Inc.*, Case No. 2:19-cv-00638-ILG-PK.

6.    "Discovery Requests" shall mean and refer to the First Sets of Interrogatories, Requests for Production of Documents, and Requests for Admission served upon Cunningham by Big Think.

7.    The term "document" shall mean each and every form of data in your possession, custody, or control, however and by whomever prepared, produced, reproduced, disseminated, or made, in any form wherever located, whether a copy, draft, original, or Electronically Stored Information ("ESI", as defined below), including, but not limited to the following: letters, minutes, correspondence, notes or summaries of conversations, memoranda, agreements, desk calendars, appointment books, diaries, books, manuals, bulletins, circulars, catalogs, charts, electronic mail,

text messages, social media, reports, studies, evaluations, analyses, graphs, notices, notes, notebooks, journals, statistical records, maps, laboratory results, sketches, data sheets, data compilations, computer data sheets, photographs, video or digital image recordings, audio recordings, microfilm, microfiche, and any other written, printed, typed, recorded, or graphic matter from which information can be obtained or can be translated through detection devices in a reasonably useful form.

8.      "Electronically Stored Information" or "ESI" includes without limitation electronic or magnetic data stored in network or other servers, in computer hard drives, in fixed or portable mass storage devices, in thumb drives, flash drives, USB drives, or on compact disks, SD cards, DVDs, tapes, or comparable devices. ESI also includes without limitation web- or internet-based data storage.

9.      "Communication" means each and every disclosure, transfer or exchange of information (in the form of facts, ideas, or otherwise), whether oral or in writing, and whether in person, by telephone, by mail or otherwise, including, but not limited to, meetings, discussions, statements, negotiations, presentations, inquiries, requests, notices, responses, demands or complaints.

10.     "Person" includes natural persons, corporations, firms, companies, partnerships, joint ventures, associations, governmental or public agencies, departments and any other public, private or legal entity.

11.     The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make a request inclusive rather than exclusive.

12.     The words "any" and "all" shall be considered to include "each" and "each and every."

3

13.     The singular of any word shall include the plural, and the plural of any word shall include the singular. The use of masculine pronouns shall include the feminine and the neuter.

14.     More than one of these Discovery Requests may ask for the same information. The presence of such duplication is not to be considered as narrowing or limiting the normal interpretation placed upon each individual request. Where a document is requested by more than one numbered paragraph of this request, only one copy of the document need be produced, unless the copies are different because of markings, deletions, notations or marginal notes.

15.     In answering these Discovery Requests, you must disclose information which is in your possession, custody or control or within the possession, custody or control of your attorneys, agents, experts, investigators, or other representatives of you or your legal counsel. If you are able to answer part but not all of an Discovery Request (e.g. because you lack sufficient information or you object to a part of the Discovery Request), you must nevertheless answer the Discovery Request to the maximum extent possible. If you are unable to answer any part of an Discovery Request because you lack sufficient information, you must describe what information you cannot provide and state what efforts you have made to obtain the unknown information. Furthermore, if any part of your answer is based on information or belief, you must identify the source of your information or the basis for your belief.

16.     If you refuse to answer a Discovery Request or subpart on the grounds of privilege or work product, describe the basis of the claim fully and in detail so that counsel for Big Think may make an informed judgment about whether to move to compel the answer. If the objection is asserted with respect to a Discovery Request seeking the identification of a communication, then set forth the date of the communication, identify all persons, including attorneys, involved in the communication and describe the subject matter of the communication.

4

If the objection is asserted with respect to a Document Request seeking the identification of a document, then follow the procedures set forth in the preceding paragraph.

17.     These Discovery Requests are continuing and you must provide information or produce for inspection and copying any documents requested which are presently nonexistent or unavailable, but which come into existence or become available to it at any time prior to or during the trial of this Lawsuit.

18.     If you do not clearly understand, or have any questions about, the definitions, instructions, or any Discovery Request, please contact counsel for Big Think promptly for clarification.

## INTERROGATORIES

      1.     What is the name and address of each person whom Mr. Cunningham expects to call as an expert witness at trial, and the facts and opinions to which each such person is expected to testify?

      <u>Answer:</u>

      2.     What is the date, time, and substance of each call by Big Think to the Phone Number which You claim was a violation of the TCPA? For each, please identify where you were when the call was received, and what you were doing immediately preceding the receipt of the call.

      <u>Answer:</u>

      3.     What is the name of the service provider, account number, and subscriber for the Phone Number?

      <u>Answer:</u>

      4.     What is the name and address for each user of the Phone Number during the period of January 1, 2018 to the present?

      <u>Answer:</u>

      5.     What is each communication (including date, method of communication, and substance) between you and Big Think during the period of January 1, 2018 to the date of your Answers to these Interrogatories?

      <u>Answer:</u>

      6.     What is each fact supporting your contention that Big Think called the Phone Number without consent?

      <u>Answer:</u>

7.      What is each fact supporting your contention that Big Think called the Phone Number using an Automated Telephone Dialing System?

Answer:

8.      What is each fact supporting your contention that Big Think willfully and/or knowingly violated the TCPA?

Answer:

9.      Other than communications with your counsel of record, what is each communication (including the date, the mode of communication, and the substance of the communication) you had with any person regarding Big Think's calls to the Phone Number or the subject matter of the Lawsuit?

Answer:

10.     What is the amount of damages you seek in the Lawsuit and what facts do you contend support their calculation?

Answer:

11.     What is your understanding of how Big Think obtained the Phone Number?

Answer:

12.     In what way did any call from Big Think to the Phone Number disturb your solitude?

Answer:

13.     Are you aware of any calls or messages that you did not receive as a result of Big Think calling the Phone Number and purportedly tying up the phone line?

Answer:


14.     How were you annoyed by the calls Big Think made to the Phone Number?

Answer:


15.     What evidence do you have that the calls Big Think made to the Phone Number "used up [your] cell phone batter" as alleged in paragraph 15 of the Complaint?

Answer:


16.     How did the calls Big Think made to the Phone Number waste your time?

Answer:


17.     Are you aware of any calls or messages that you did not receive as a result of Big Think calling the Phone Number and purportedly tying up the phone line?

Answer:

## **VERIFICATION**

State of                          )
                                     ) SS:
County of                        )

       I, Craig Cunningham, being duly cautioned and sworn, state that the answers to the foregoing Interrogatories are true and accurate to the best of my knowledge and belief.


_____

Craig Cunningham


Subscribed and sworn to before me this ____ day of_____, 2020.


_____

Notary Public

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CRAIG CUNNINGHAM on behalf of himself
and all others similarly situated,

                Plaintiff,

   vs.

BIG THINK CAPITAL INC.,

                Defendant.

Case No. 2:19-cv-00638-ILG-PK

## CERTIFICATE OF SERVICE

      I hereby certify that on March 6, 2020, I served a copy of the First Set of Interrogatories

to Plaintiff Craig Cunningham by email and first-class mail enclosed in a security sealed

postage-paid envelope addressed to the following at the last known address as follows:

Aytan Y. Bellin
BELLIN & ASSOCIATES LLC
50 Main Street, Suite 1000
White Plains, New York 10606
aytan.bellin@bellinlaw.com

*Attorneys for Plaintiff*

                                      _Dwayne Lunde_
                                    Dwayne Lunde