UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CRAIG CUNNIGHAM** on behalf of himself and all others similarly situated,

                Plaintiff,

-vs.-

**BIG THINK CAPITAL INC.,**

                Defendant.

Case No. 19 cv 638 (ILG) (PK)

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINITFF'S MOTION TO AMEND THE COMPLAINT**

BELLIN & ASSOCIATES LLC
By: Aytan Y. Bellin, Esq.
85 Miles Avenue
White Plains, New York 10606
Tel: (914) 358-5345
Fax: (212) 571-0284
E-mail: aytan.bellin@bellinlaw.com

*Attorneys for Plaintiff and the Proposed Class*

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

ARGUMENT .......................................................................................................................1

I.     MR. CUNNINGHAM'S MOTION TO AMEND IS BEING FILED IN GOOD FAITH, AND BIG THINK HAS FAILED TO IDENTIFY PREJUDICE, LET ALONE UNDUE PREJUDICE IT WOULD SUFFER SHOULD THIS COURT GRANT THAT MOTION……………………………………………………….....…1

II.    ALLOWING THE AMENDMENT OF THE COMPLAINT WOULD NOT BE FUTILE…………………………………………………………………….…..3

    A.     The PFAC Does Not Engage in Claim Splitting…………………………...……..3

    B.     Because Class Discovery has Not Even Begun and Because Big Think Cannot Demonstrate Class Certification is Impossible from the Face of the Complaint, Mr. Cunningham's Motion to Amend the Complaint Should Be Granted………………………………………………………………......…4

    C.     The Proposed Class in the PFAC is Not Fail-Safe…………………………........7

    D.     The PFAC Should Be Deemed to Cover Calls Back to May 10, 2017……..……10

CONCLUSION....................................................................................................................10

**INTRODUCTION**

Plaintiff Craig Cunningham ("Mr. Cunningham" or "Plaintiff") submits this reply memorandum of law in further support of his motion for permission to file an amended complaint that substitutes a claim under 47 U.S.C. § 227(c)(5) against defendant Big Think Capital ("Big Think") for the current claim 47 U.S.C. § 227(b). In their opposition, Big Think argues that the motion to amend should be denied because allegedly (1) Mr. Cunningham filed the motion to amend in bad faith; and (2) allowing the amendment would be futile. Both of those arguments are meritless and therefore, this Court should grant Mr. Cunningham's motion to amend the Complaint.

**ARGUMENT**

**I. MR. CUNNINGHAM'S MOTION TO AMEND IS BEING FILED IN GOOD FAITH, AND BIG THINK HAS FAILED TO IDENTIFY PREJUDICE, LET ALONE UNDUE PREJUDICE IT WOULD SUFFER SHOULD THIS COURT GRANT THAT MOTION**

Big Think argues Mr. Cunningham's motion to amend was filed in bad faith because allegedly (1) the proposed first amended complaint ("PFAC") makes new TCPA claims against Big Think for marketing texts Big Think sent to Mr. Cunningham's telephone number ending in 7262, rather than to his telephone number ending in 1977, which was the telephone number discussed in the original complaint; (2) Mr. Cunningham should have been aware of those claims as early as March, 2020 but waited until now to file his class action Complaint; and (3) Mr. Cunningham has other individual TCPA cases against Big Think in this District for different calls that Big Think made Mr. Cunningham's 7262 number and Mr. Cunningham has also filed another class action case against Big Think for calls Big Think made to his 1977 number using an artificial or prerecorded voice. Dkt. 4-6. Big thinks arguments are baseless.

First, it is well settled that Rule 15(a) should be "applied liberally, even when the

amendment would add an entirely new cause of action." *Bilt-Rite Steel Buck Corp. v. Duncan's Welding & Correctional Equipment, Inc.*, No. 90 cv 311, 1990 WL 129970, at *1 (E.D.N.Y. Aug. 24, 1990) (granting amendment to complaint that added new claim based on entirely different contract than was mentioned in the original complaint); *Roller Bearing Co. of America, Inc. v. American Software, Inc.*, 570 F. Supp.2d 376, 383-87 (D. Conn. 2008) (granting leave to amend to add entirely new claim based on a different set of facts); *Arc/Connecticut v. O'Meara*, No. 3:01 cv 1871, 2002 WL 1871, at *3 (D. Conn. 2002) (granting amendment of complaint where the amendment broadened the scope of the original complaint by adding entirely new claims); *Jenn Air Products v. Penn Ventialtor, Inc.*, 283 F. Supp. 591, 593 (E.D. Pa. 1968) (permitting plaintiff in action for infringement of one patent to add claims for infringement of other patents). Accordingly, Big Think's argument that Mr. Cunningham's motion to amend was made in bad faith and should be denied because he wants to add new TCPA claims based on new facts is meritless.

Second, Mr. Cunningham's individual claims in the PFAC are based on texts Big Think sent to his 7262 number on December 14, 2020, December 21, 2020 and January 10, 2021. Accordingly, Big Think's argument that Mr. Cunningham should have been aware of those claims as early as March, 2020 and improperly waited until now to file his class action Complaint, is nonsensical. In March 2020, Big Thinks had not yet made these calls.

Third, the fact that Mr. Cunningham has brought other lawsuits in this district based on different texts or prerecorded or artificial voice calls from the texts at issue in this case is irrelevant to his instant motion to amend. It is well settled that "[d]isputes that have an independent existence may be litigated separately. Joinder in federal practice is permissive, see Fed. R. Civ. P. 18(a), not mandatory." *Horia v. Nationwide Credit & Collection, Inc.*, 944 F.3d

970, 974 (7th Cir. 2019). *Accord, e.g., Leimer v. Woods*, 196 F.2d 828, 833 (8th Cir. 1952) (Rule 18(a) "permits and encourages joinder but does not compel it."); *CRS Auto Parts, Inc. v. National Grange Mut. Ins. Co.*, No. 08 cv 2022, 2008 WL 4559563, at *6 n.3 (E.D. Pa. Oct. 8, 2008) ("By its very language, [] Rule 18 is permissive and not mandatory. . . .").

While Big Think alleges that Mr. Cunningham is engaged in gamesmanship here, that is not so. Rather, it is Big Think that engaged in gamesmanship by continuing to make illegal calls to Mr. Cunningham despite being sued repeatedly by him, and thereby requiring him to file multiple lawsuits against it.

Finally, Big Think has failed to identify any prejudice it would suffer whatsoever, let alone undue prejudice if this Court were to grant Mr. Cunningham's motion to amend. Accordingly, this Court should grant that motion.

## II. ALLOWING THE AMENDMENT OF THE COMPLAINT WOULD NOT BE FUTILE

### A. The PFAC Does Not Engage in Claim Splitting

Big Think contends that the PFAC is futile because it allegedly is "an improper attempt at claim splitting." Dkt. No. 36 at 6. Big Think is wrong.

It is well established that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). However, a later filed lawsuit is not "duplicative" of an earlier filed lawsuit if the later filed lawsuit is based on "events arising after the filing of the Complaint that formed the basis of the first lawsuit." *Id.* at 139-40. In this case, even Big Think admits that the only calls that the PFAC alleges that Big Think made to Mr. Cunningham took place after the latest calls alleged in in the last of Mr. Cunningham's individual cases in this district against Big Think. Dkt. No. 36 at 8. *See Cunningham v. Big*

*Think Capital, Inc.*, Case No. 2:21 cv 02443, Dkt. No. 1 at ¶ 23 (complaining of calls from March 13, 2020 through December 1, 2020). Accordingly, Mr. Cunningham's individual TCPA claims in the PFAC are not duplicative of any of his previous individual claims against Big Think.

The fact that the PFAC alleges *class claims* that cover a period prior to December 2, 2020 does not change this analysis. The above-described individual case Mr. Cunningham brought against Big Think does not contain *any* class claims. Moreover, to the extent that some of the calls Big Think made to Mr. Cunningham that are described in that individual case took place during the class period covered by the instant case, those claims can easily be excluded from any class definitions in this case, and therefore would not be a basis to deny Mr. Cunningham's motion to amend here. *E.g., Woe by Woe v. Cuomo*, 729 F.2d 96, 107 (2d Cir.) ("a district court [should] view a class action liberally in the early stages of litigation, since the class can always be modified or subdivided as issues are refined for trial."), *cert. denied*, 469 U.S. 936 (1984). Accordingly, Mr. Cunningham's motion to amend should be granted.

> **B.      Because Class Discovery has Not Even Begun and Because Big Think Cannot Demonstrate Class Certification is Impossible from the Face of the Complaint, Mr. Cunningham's Motion to Amend the Complaint Should Be Granted**

The Second Circuit has long supported that right to class discovery before class certification is determined and has reversed denials of class certification before the completion of discovery. *Parker v. Time Warner Entertainment Co.*, 331 F.3d 13, 20-22 (2d Cir. 2003) (vacating denial of class certification on the pleadings because district court had not given plaintiffs opportunity to conduct class discovery or make motion for class certification); *Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962, 966 (2d Cir. 1978) (reversing district court's ruling on class certification because district court did not permit

sufficient discovery). Numerous Courts have ruled similarly in the context of TCA class actions and have reversed denials of class certification prior to discovery or have granted such discovery to plaintiffs. *E.g., Landsman & Funk PC v. Skinder-Strauss Associates*, 640 F.3d 72, 93-94 (3rd Cir. 2011) (reversing dismissal of TCPA class actions because, among other things, the plaintiffs had not been permitted to conduct discovery, which was required as to certain TCPA issues, such as consent, before class certification could be determined), *relevant portion of opinion reinstated en banc*, 2012 WL 2052685 (3rd Cir. Apr. 17, 2012); *Whiteamire Clinic, P.A., Inc. v. Quill Corp.*, No. 12 C 5490, 2013 WL 5348377, at *3 (N.D. Ill. Sep. 24. 2013) ("[a] [c]ourt cannot permit [a defendant] on the one hand to contest class certification and on the other hand deny [the] plaintiff discovery relevant to its position that a class should be certified."). The same rule applies to the instant case, and for this reason alone, Big Think's argument should be rejected as premature.

In essence, Big Think's argument that the class allegations in the PFAC are "futile" is the equivalent of a motion to strike class allegations in a complaint. To prevail on a motion to strike class allegations, a defendant must satisfy two requirements: First, the defendant must "demonstrate from the face of the [c]omplaint that it would be *impossible* to certify the alleged class." *Reynolds v. Lifewatch, Inc.*, 136 F. Supp.3d 503, 511, 520 (S.D.N.Y. 2015); *Blagman v. Apple, Inc.*, 307 F.R.D. 107, 118 (S.D.N.Y. 2015) ("[I]nquiry into class action requirements on a motion to amend filed prior to a class certification motion is limited. . . .Leave to amend should be denied for futility only where the proposed amendment would, on its face, violate class action requirements.") (internal quotation marks and citation omitted). Second, the defendant must make that demonstration based on issues "separate and apart from the issues that will be decided on a class certification motion." *Calibuso v. Bank of America Corp.*, 893 F. Supp.2d 374, 383

5

(E.D.N.Y. 2012) (denying defendants' motion to strike challenging based on, among other things, lack of commonality); *Chen-Oster v. Goldman, Sachs & Co.*, 877 F. Supp.2d 113, 117 (S.D.N.Y. 2012) (same). In other words, a pre-class certification motion to strike class allegations may only "be entertained if the inquiry would *not* mirror the class certification inquiry and if resolution of the motion is clear." *Kassman v. KPMG LLP*, 925 F. Supp.2d 453, 462 (S.D.N.Y. 2013) (emphasis added, and internal quotation marks and citations omitted).

The courts have long disfavored motions to strike class allegations. *E.g., Santiago v. Merriman River Associates, LLC*, No. 3:17-cv-2054, 2018 WL 2465358, at *7 (D. Conn. Jun. 1, 2018) ("[m]otions to strike are generally disfavored and more so when they [are] related to class allegations."); *Reynolds,* 136 F. Supp.3d at 511 (same). That is because such a motion "requires a reviewing court to preemptively terminate the class aspects of . . . litigation, solely on the basis of what is alleged in the complaint and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Kassman*, 925 F. Supp.2d at 462 (internal quotation marks omitted, and citing cases); *Travis v. Navient Corp.*, 460 F. Supp.3d 269, 286 (E.D.N.Y. 2020) (same and stating that "[m]otions to strike class allegations at the motion-to-dismiss phase are therefore generally. . .deemed to be premature.") (internal quotation marks omitted); 3 *Newberg on Class Actions (5th Ed.)*, § 7:22 ("[D]efendant motions to defeat certification prior to completion of discovery are 'generally regarded with disfavor.'"). Moreover, "it is an extreme step" to strike class allegations "where a potentially proper class exists and can easily be created." *Woe by Woe v. Cuomo*, 729 F.2d 96, 107 (2d Cir.), *cert. denied*, 469 U.S. 936 (1984).

In this case, Big Think's futility argument concerning the PFAC's proposed class fails on a number of grounds. First, as discussed above, class discovery has not even begun, and

6

therefore rejecting the PFAC's allegations regarding class certification would be premature. Second, Big Think's argument that the individual issues concerning consent to be called and whether a class member held his or her phone number out as a business number preclude class certification, "mirror the class certification inquiry[,]" and therefore may not be a basis to strike the PFAC's class allegations at this juncture. *E.g., Travis*, 460 F. Supp.3d at 286 (denying as premature motion to strike class allegations where the defendant's argument regarding futility of the class allegations — that the plaintiff would not be able to establish commonality, predominance, or superiority — mirrored the class certification inquiry); *Talarico v. Port Authority of New York & New Jersey*, 367 F. Supp.3d 161, 173 (S.D.N.Y. 2019) (same); *Kassman*, 925 F. Supp.2d at 464 (same). Third, courts have certified do-not-call classes under the TCPA after discovery, thus demonstrating that class certification of the proposed do-not-call class in this case is possible. *E.g., Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 654-59 (4th Cir. 2019) (affirming certification of do-not-call class under the TCPA); *Hand v. Beach Entertainment KC, LLC*, 456 F. Supp.3d 1099, 1134-53 (W.D. Mo. 2020) (certifying do-not-call class under the TCPA). Accordingly, Big Think's argument that Mr. Cunningham's class claims are futile is baseless, and Mr. Cunningham's motion to amend should be granted.

    **C.    The Proposed Class in the PFAC is Not Fail-Safe**

The proposed class in the PFAC is defined as follows:

> All persons in the United States, from February 1, 2015 through the date of the filing of the instant First Amended Complaint to whom Defendant initiated or caused to be initiated two or more calls within a 12 month period — without having received prior express written consent from the called parties who had previously registered their telephone numbers on the national do-not-call registry maintained by the FCC — that delivered voice or text messages that were identical or substantially similar to the above-described messages Defendant delivered to Plaintiff's cell phone.

Dkt. No. 34, Ex. A at 4-5, ¶ 19.  Big Think maintains that this proposed class-definition is fail-safe and that therefore, Mr. Cunningham's motion to amend should be denied as futile.  Big Think is wrong.

"A fail-safe class is ones whose definition shields the putative class members from receiving an adverse judgment. . . .In a fail-safe class, either the class members win or, by virtue of losing, they are not in the class, and therefore not bound by the judgment  A proposed fail-safe class should not be certified because it is unfair to defendants, it prevents an adverse judgment being entered against plaintiffs and it is unmanageable because members of the class could only be known after a determination of liability." *Hicks v. T.L Cannon Corp.*, 35 F. Supp.3d 329, 356-57 (W.D.N.Y. 2014) (citations and internal quotation marks omitted); *Mazzei v. The Money Store*, 288 F.R.D. 45, 55 (S.D.N.Y. 2012) (same).

Big Think maintains that a do-not call claim under the TCPA has the following elements: "(1) two or more calls made; (2) within a 12-month period; (3) by or on behalf of the same defendant; (4) to a residential telephone number; (5) on the DNC Registry; (6) without prior consent."  Dkt. No. 36 at 11.[1]  Big Think goes on to argue that because the PFAC's proposed class definition satisfies all of these elements, the proposed class is fail-safe.  However, Big Think has left out an element of a do not call claim, i.e., that the call be a "telephone solicitation."  47 C.F.R. § 64.1200(c) ("No person or entity shall initiate any *telephone solicitation* to:. . . .(2) A residential telephone subscriber who has registered his or her telephone

---

[1] Big Think is wrong that consent is an element of a do-not-call claim.  Consent to be called is actually an affirmative defense for which Big Think has the burden of proof.  *See, e.g., Gorss Motels, Inc. v. Lands' End, Inc.*, 997 F.3d 470, 476 (2d Cir. 2021); *Latner v. Mount Sinai Health System, Inc.*, 879 F.3d 52, 54 (2d Cir. 2018)

number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.") (emphasis added); 47 U.S.C. § 227(c)(5) ("A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity *in violation of the regulations prescribed under this subsection* may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court" a cause of action for an injunction and damages.) (emphasis added). And, the TCPA defines "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization." 47 U.S.C. 227(a)(4); 47 C.F.R. § 64.1200(f)(15) (same).

The PFAC's proposed class definition *does not* specify that the voice calls or text messages Big Think sent were "telephone solicitations." Rather, the proposed class definition merely describes those calls as "voice or text messages that were identical or substantially similar to the above-described messages Defendant delivered to Plaintiff's cell phone." Dkt. No. 34, Ex. A at 4-5, ¶ 19. Accordingly, mere membership in the proposed class does not establish liability. Rather, the Court will have to first determine as a matter of fact and law whether the voice calls or text messages were "telephone solicitations" within the meaning of the TCPA. Accordingly, the proposed class definition is not fail-safe.

Moreover, even if the proposed class definition were fail-safe, the proper course for the Court would not be to reject the proposed class as futile, but to modify the class definition so as not to make it fail-safe. *E.g., B & R Supermarket, Inc. v. MasterCard Int'l Inc.*, No. 17 cv 2738,

2018 WL 1335355, at *10 (E.D.N.Y. Mar. 14, 2018) (court modifies fail-safe class definition to render it non-fail-safe); *Spread Enterprises, Inc. v. First Data Merchant Servs. Corp.*, 298 F.R.D. 54, 70 (E.D.N.Y. 2014); *Mazzei*, 288 F.R.D. at 55-56 (same); Newberg on Class Actions § 7:27 (5th Ed.) ("[A]s courts in every circuit have held, when a class definition is not acceptable, judicial discretion can be utilized to save the lawsuit from dismissal. Indeed, several circuits have held that a court *should* alter the class definition in lieu of rejecting class certification, if possible.").

In sum, Big Think's argument that Mr. Cunningham's motion to amend the complaint should be denied because the proposed class is fail-safe is meritless. Accordingly, this Court should grant Mr. Cunningham's motion to amend.

### D. The PFAC Should Be Deemed to Cover Calls Back to May 10, 2017

Mr. Cunningham agrees with Big Think that the PFAC should be permitted to assert claims on behalf of a putative class of individuals Big Think called or caused to be called in the four years prior to the amendment. *See* Dkt. 36 at 12. Because Mr. Cunningham filed his motion to amend on May 10, 2021, Dkt. Nos. 32-35, the PFAC should be deemed to assert class claims back to May 10, 2017. *Pasternack v. Schrader*, 863 F.3d 162, 175 (2d Cir. 2017) (amended complaint deemed filed on the date the motion to amend the complaint was filed not the date that motion is granted or the amended complaint docketed); *Wheeler v. Kolek*, 2020 WL 6726947, at **10-11 (S.D.N.Y. Nov. 16, 2020) (same).

### CONCLUSION

Mr. Cunningham's motion to amend the complaint should be granted and the PFAC be deemed to assert class claims back to May 10, 2017.

Dated: White Plains, New York
      June 15, 2021

Respectfully submitted,

BELLIN & ASSOCIATES LLC

By: /s/Aytan Y. Bellin
Aytan Y. Bellin, Esq.
Bellin & Associates LLC
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 358-5345
Fax: (212) 571-0284
Email: aytan.bellin@bellinlaw.com

*Attorneys for Plaintiff and the Proposed Class*